**LONDRICO, Appellee,**

v.

**DELORES C. KNOWLTON, INC. et al., Appellants.**

[Cite as *Londrico v. Delores C. Knowlton, Inc.* (1993), 88 Ohio App.3d 282.]

Court of Appeals of Ohio,
Summit County.

No. 15900.

Decided June 16, 1993.

*Madeleine Lecso,* for appellee.

*Philip Z. Vogel,* for appellants.

COOK, Presiding Judge.

John and Emily Akerstrom ("Akerstroms") listed their house for sale in March 1992. John and Domenico Petitti ("Petittis") made an offer to purchase the house, which the Akerstroms accepted ("Petittis–Akerstroms contract"). While Petittis awaited approval of their financing, Rose M. Londrico ("Londrico") made a backup offer contingent upon the failure of the Petittis to obtain financing, which the Akerstroms accepted ("Londrico–Akerstroms contract"). In May, the Petittis signed and delivered a release of the Petittis–Akerstroms contract. The Petittis then forthwith notified the parties that they had signed the release in error and that they still wanted to close on their purchase of the house.

In June, Londrico sued Delores C. Knowlton, Inc., Sue Metzel, the Akerstroms, Kriss & Associates, Inc., Shirley Kukral, Plant Right, Inc., and the Petittis (collectively "appellants"). Londrico's amended complaint set forth five causes of action: (1) fraudulent/tortious interference with contractual obligations; (2) breach of contract; (3) tortious interference with contractual rights; (4) specific performance of the Londrico–Akerstroms contract; and (5) declaratory judgment. Londrico also moved for a temporary restraining order to prevent the Akerstroms from transferring title of the house to anyone and for a preliminary injunction. The trial court granted Londrico a temporary restraining order and later in June held a hearing on the preliminary injunction.

Following the hearing and submission of briefs, the court entered its finding on July 9. The opinion of the court stated that "[t]he sole issues before the Court involve the Temporary Restraining Order which the Court extended by order to July 14, 1992, and the validity of the two sales contracts." After declaring the rights and obligations contained in the two sales contracts and the effect of the Petittis' release, the court ordered specific performance of the Londrico–Akerstroms contract. The court's judgment was labeled a final appealable order and concluded with the following language:

"There is no just cause for delay.

"This case is dismissed.

"So ordered."

On July 27, Londrico moved for relief from judgment under Civ.R. 60(A). Londrico claimed that the court had decided only counts four and five of her amended complaint. On August 5, within thirty days of the initial judgment, the court granted Londrico's motion and reinstated the case, reactivating counts one, two and three of Londrico's amended complaint.

Appellants now appeal, asserting two assignments of error.

### Assignments of Error

"I. The court erred, as a matter of law, in granting plaintiff's Rule 60(A) motion for relief.

"II. The court abused its discretion in granting plaintiff's Rule 60(A) motion for relief."

Because these assignments of error are interrelated and appellants argued the assignments together, we do likewise. Appellants contend that the trial court, by granting Londrico's motion for relief from judgment, substantively changed its July 9 judgment, which is not authorized under Civ.R. 60(A). Civ.R. 60(A) reads:

"Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."

This rule allows the court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not allow a court to make substantive changes in judgments. *Prarat v. Am. Analytical Laboratories, Inc.* (Jan. 27, 1993), Summit App. No. 15715, unreported, at 9, 1993 WL 21012, citing *Musca v. Chagrin Falls* (1981), 3 Ohio App.3d 192, 3 OBR 219, 444 N.E.2d 475. "It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have been issued due to inadvertence or mistake." *Am. Trucking Assn. v. Frisco Transp. Co.* (1958), 358 U.S. 133, 145, 79 S.Ct. 170, 177, 3 L.Ed.2d 172, 180. Civ.R. 60(A), however, does not permit changing something that was deliberately done. *Dentsply Internatl., Inc. v. Kostas* (1985), 26 Ohio App.3d 116, 118, 26 OBR 327, 328, 498 N.E.2d 1079, 1080; *Cale Products, Inc. v. Orrville Bronze & Aluminum Co.* (1982), 8 Ohio App.3d 375, 378, 8 OBR 489, 492, 457 N.E.2d 854, 857, fn. 1.

"The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of 'blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner." *Kuehn v. Kuehn* (1988), 55 Ohio App.3d 245, 247, 564 N.E.2d 97, 100, citing *Blanton v. Anzalone* (C.A.9, 1987), 813 F.2d 1574, 1577.

The term "clerical mistake" describes a mistake or omission, mechanical in nature, apparent on the record and " 'which does not involve a legal decision or judgment.' " *Dentsply, supra,* quoting *In re Merry Queen Transfer Corp.* (E.D.N.Y.1967), 266 F.Supp. 605, 607; see, also, *Prarat, supra.* The issue then is whether the language dismissing the case was mechanical in nature and apparent on the record or whether it involved a legal decision or judgment.

In this case, the record clearly demonstrates that five causes of action were filed by Londrico. It is also apparent from the record that the trial court disposed only of counts four and five of Londrico's amended complaint. The trial court did not address Londrico's claims of breach of contract or fraudulent/tortious interference with a contract nor could it have done so. Not only did its

judgment state that the only issues before it were those pertaining to the temporary restraining order and the validity of the two real estate contracts, but also the other causes of action were not yet "at issue." That is, no evidence on those claims was presented in a trial or by summary judgment motion. Moreover, the trial court's judgment included Civ.R. 54(B) language of "no just reason for delay," which is only necessary to make a judgment final and appealable if the judgment did not dispose of all the claims and all the parties. Under these facts, the trial court could correctly characterize the insertion of language in the judgment dismissing the entire case as clerical error.

■ Simply because the clerical error related to dismissal does not transform it into a mistake in judgment by the court. There can be no valid argument that the court made a legal decision to dismiss all the causes of action, then changed its mind as a substantive legal decision. Only a blunder in execution explains the inclusion of the phrase "case is dismissed." It is a mistake of the sort properly corrected by a trial court before the notice of appeal must be filed under Civ.R. 60(A).

■ Appellants argue that the trial court's granting of Londrico's motion for relief from judgment deprived them of their right of appeal on the "main case" and thereby was a substantive change. We do not agree. A party must file a notice of appeal within thirty days of the entry of the judgment. App.R. 4(A). The trial court entered the initial judgment on July 9. Londrico moved for relief from that judgment on July 27. The court granted such relief on August 5, within thirty days of the initial judgment; therefore, appellants could have appealed the initial judgment even after the court granted Londrico relief from that judgment.

In this case, we do not find that the trial court abused its discretion when it granted Londrico relief from judgment pursuant to Civ.R. 60(A). The first and second assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, J., concurs.

QUILLIN, J., concurs separately.

QUILLIN, Judge, concurring.

Although Londrico couched her motion for relief from judgment in terms of Civ.R. 60(A), the substance of the relief sought was proper under Civ.R. 60(B)(1). The trial court did not specify the part of the rule authorizing its action.

In my opinion, Civ.R. 60(B)(1) may be used to obtain relief from judicial error when granted within the appeal time and before appeal is taken. Although there is a split of authority on this question (see Annotation [1969], 1 A.L.R.Fed. 771; 7 Moore, Federal Practice [1992], Paragraph 60.22[3]; 11 Wright and Miller, Federal Practice and Procedure [1973] 178–179, Section 2858), the better reasoning supports recognizing the power of a trial court to correct "upon such terms as are just" judicial errors rather than forcing an appeal. At least one Ohio court has so ruled. *Daniel v. Wright–Patterson Credit Union, Inc.* (Dec. 8, 1981), Montgomery App. No. 7435, unreported, 1981 WL 5365.