DECISION AND JUDGMENT ENTRY
This accelerated appeal comes to us from the Lucas County Court of Common Pleas. Appellant, Gregory G. Ehmann, is appealing the denial of his motion to set aside his 1989 divorce decree.
Appellee, Karon M. Ehmann, sued appellant for divorce on April 20, 1989. Included in the schedules accompanying appellee's complaint were several assets which were not disposed of in the court's final decree of August 22, 1989. On discovery of these omissions, appellee timely moved, pursuant to Civ.R. 60(A) and (B), to vacate the judgment. Eventually, with the consent of both parties, the court approved a 1991 "nunc pro tunc"
entry correcting the final decision. Appellant now finds that the terms of this entry are disadvantageous to him.
On April 29, 1999, appellant filed a "MOTION TO SET ASIDE JUDGMENT," in which he asserted that, absent a reservation of jurisdiction in the August 1989 decree, the trial court was without authority to modify its order. The trial court treated appellant's motion as one made pursuant to Civ.R. 60(B) and concluded that the consent nunc pro tunc entry amounted to the equivalent of a vacation of the original entry and an insertion of substitute entry. Consequently, the court found that appellant had failed to establish a meritorious claim pursuant to GTEAutomatic Elec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Appellant now asserts in three assignments of error that the trial court's denial of his motion was erroneous.
Civ.R. 60(A) is the vehicle by which a court may correct clerical errors which are mechanical in nature and apparent on the record. Londrico v. Delores C. Knowlton, Inc. (1993), 88 Ohio App.3d 282,285. Civ.R. 60(B) allows the court to undo a judgment in the interest of justice. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,101. Civ.R. 60 provides:
 "(A) Clerical mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
 "(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."
In order to prevail on a Civ.R. 60(B) motion, a party must demonstrate that he or she (1) has a meritorious defense or claim if the motion is granted, (2) is entitled to relief under one of the grounds enumerated in the rule, and (3) the motion is timely. GTE Automatic Elec., Inc. v. ARC Indus., Inc., supra.
In this case, appellant asserts that the trial court erroneously construed his request to set aside as a Civ.R. 60(B) motion. While appellant tacitly concedes that he cannot win on a Civ.R. 60(B) motion, he, nevertheless, cites to Patton v. Dicmer
(1988), 35 Ohio St.3d 68, at paragraph four of the syllabus, for authority that he should nonetheless prevail because the 1991 "nunc pro tunc" entry was void ab initio and a court has inherent power to vacate a void judgment. According to appellant, the "nunc pro tunc" entry was void because it constituted a modification of a property division without a reservation of jurisdiction to do so — an act the court may not perform underWolfe v. Wolfe (1976), 46 Ohio St.2d 399, at paragraph one of the syllabus, and our opinion in Schrader v. Schrader (1995),108 Ohio App.3d 25.
As to the court's inherent power, appellant is correct.Patton, supra, stands for the proposition that a court has inherent power outside the boundaries of Civ.R. 60 to deal with void judgments. Consequently, if the 1991 "nunc pro tunc" judgment is void for lack of subject matter jurisdiction, appellant must prevail.
At this point, we must, however, note that the 1991 judgment, in essence, was not a nunc pro tunc entry. Nunc protunc entries correct judicial errors, but are limited in proper use to reflecting what the court actually decided, not what the court should have decided or intended to decide. State ex rel.Litty v. Leskovyansky (1996), 77 Ohio St.3d 97, 100; State ex rel.Fogle v. Steiner (1995), 74 Ohio St.3d 158, 163-164. The presence of the now contested assets which are listed in the initial schedule suggests that the court should have dealt with them at that time and, perhaps, intended to do so. The record, however, does not affirmatively reflect that the court did distribute these assets in its initial consideration. Therefore, a nunc pro tunc entry is not proper here.
However, as the trial court noted, the court had before it a motion founded on both Civ.R. 60(A) and 60(B), the response to which was the entry of which appellant now complains. The trial court, refusing to elevate form over substance, concluded that the real effect of the 1991 entry was to grant appellee's Civ.R. 60 motion, set aside the faulty judgment, and substitute for it the unfortunately captioned 1991 judgment. There is substantial evidence in the record to support this conclusion including the fact that all parties consented to the new entry and it related back to the date of the original decree.
The question that remains, of course, is whether the court could do what it did. Appellant argues the inviolability of final property division orders. However, the record is plain on its face that the property disputed in the 1989 order was substantially less than the whole marital estate which should have been distributed. Clearly, then, the 1989 order resulted from a mistake or inadvertence and was therefore voidable pursuant to Civ.R. 60(B). Under the rule and at common law, a court has the inherent power to provide for relief from the unjust operation of a void or voidable judgment. See 1970 Staff Notes to Civ.R. 60, former R.C. 2325.01 and Lincoln Tavern v. Snader (1956), 165 Ohio St. 61
. As a consequence, the trial court correctly found that the 1991 order which appellant attacks was properly entered. Accordingly, all of appellant's assignments of error are found not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
PETER M. HANDWORK, J. and JAMESR. SHERCK, J., concur.