OPINION
{¶ 1} Joseph Binkley appeals from the Dayton Municipal Court's decision and entry overruling his February 26, 2008 motion to vacate a default judgment entered against him.
 {¶ 2} In his sole assignment of error, Binkley contends the trial court erred when, after initially sustaining his motion and vacating the default judgment, it reversed course and vacated its entry vacating the default judgment. *Page 2 
 {¶ 3} The record reflects that appellee Konrad Kuczak, an attorney, filed a complaint against Binkley on November 14, 2007 to collect fees owed for legal work. Binkley was served on November 16, 2007. Kuczak moved for a default judgment in the amount of $3,510.28 plus interest on December 27, 2007. Binkley filed an answer on December 28, 2007. The trial court sustained the motion for default judgment on January 2, 2008, finding "that proper service of summons on Defendant has been obtained and that the Defendant failed to plead or otherwise defend in the within proceeding within the time period specified under Ohio Civil Rule 12." Thereafter, on February 26, 2008, Binkley moved to vacate the default judgment "for reason that the Defendant filed the answer at the same time as the motion for default judgment was filed." On February 27, 2008, the trial court filed an entry sustaining Binkley's motion to vacate the default judgment. On February 28, 2008, the trial court sua sponte filed an "order vacating entry to vacate default judgment." This order stated: "The Court on February 27, 2008 inadvertently granted Defendant's Motion to Vacate Judgment. It is therefore ORDERED that the Entry to Vacate Default Judgment be vacated. It is further ORDERED that this matter be set for hearing on Defendant's Motion to Vacate Judgment."
 {¶ 4} After conducting a hearing, the trial court filed a March 26, 2008 decision, order, and entry denying Binkley's February 26, 2008 motion to vacate the default judgment. The trial court construed the motion to vacate as a Civ. R. 60(B) motion and found no grounds for relief under the rule. Binkley responded by filing another motion for relief from the default judgment on March 28, 2008. Before the trial court ruled on this new motion, however, he filed the present appeal from the trial court's March 26, 2008 ruling denying his motion to vacate.
 {¶ 5} On appeal, Binkley challenges the trial court's February 28, 2008 order sua *Page 3 
sponte vacating its entry filed one day earlier that had sustained his motion to vacate the default judgment. Although Binkley's specific legal argument is somewhat unclear, we conclude that the trial court did not err in vacating its entry granting Civ. R. 60(B) relief.
 {¶ 6} As set forth above, Binkley moved on February 26, 2008 to vacate the default judgment entered against him. The trial court correctly construed this motion as one brought under Civ. R. 60(B). It sustained the motion on February 27, 2008 and vacated the default judgment. Acting sua sponte on February 28, 2008, the trial court then vacated its order granting Binkley relief from the default judgment. Although the trial court did not identify the source of its authority to vacate its final order granting Binkley Civ. R. 60(B) relief, we conclude that the trial court's action was authorized by Civ. R. 60(A), which provides: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative * * *."
 {¶ 7} "Civ. R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments."State ex rel. Litty v. Leskovyansky, 77 Ohio St.3d 97, 100,1996-Ohio-340, citing Londrico v. Delores C. Knowlton, Inc. (1993),88 Ohio App.3d 282, 285. "The term `clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." Id. "`The basic distinction between clerical mistakes that can be corrected under Civ. R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of "blunders in execution" whereas the latter consists of instances where the court changes its mind * * *.'" Londrico,88 Ohio App.3d at 285, quoting Kuehn v. Kuehn (1988), 55 Ohio App.3d 245, 247. *Page 4 
 {¶ 8} In its February 28, 2008 order, the trial court stated that it had "inadvertently granted Defendant's Motion to Vacate Judgment." As a result, the trial court vacated its February 27, 2008 entry sustaining Binkley's Civ. R. 60(B) motion and set the motion for a hearing. Upon review, we construe the trial court's February 28, 2008 order as one correcting a clerical mistake under Civ. R. 60(A). Accordingly, the trial court acted within its discretion in vacating its prior granting of relief from the default judgment.
 {¶ 9} As set forth above, the trial court subsequently held a hearing on Binkley's February 26, 2008 motion to vacate the default judgment entered against him. It overruled the motion on March 26, 2008, finding no grounds for relief under Civ. R. 60(B). Although Binkley had filed an answer out of time on December 28, 2007, the trial court observed that Kuczak had moved for default judgment on December 27, 2007. The trial court also noted that Binkley had not sought leave of court to file an answer out of time. Citing Alldred v. Alldred (Nov. 6, 1998), Montgomery App. No. 17043, the trial court correctly concluded that it was not required to consider an answer filed out of time and without leave of court. Finally, the trial court pointed out Binkley's failure to cite any grounds for relief other than the fact that he eventually did file an answer.
 {¶ 10} Although Binkley filed his notice of appeal from the trial court's March 26, 2008 decision, entry, and order overruling his motion to vacate the default judgment, his assignment of error addresses the trial court's earlier decision, discussed above, to vacate the Civ. R. 60(B) relief it initially granted. To the extent that Binkley's appellate brief also might be construed as addressing the merits of the trial court's March 26, 2008 ruling, we find no error.
 {¶ 11} To prevail under Civ. R. 60(B), a party must demonstrate, inter alia, entitlement to relief on one of the grounds contained in the rule. In his February 26, 2008 *Page 5 
motion, Binkley failed to do so. In a one-sentence argument, he claimed entitlement to relief from the default judgment "for reason that the Defendant filed his answer at the same time as the motion for default judgment was filed." As the trial court pointed out, however, Binkley actually filed his answer after the motion for default judgment. Without any explanation or attempt to show excusable neglect, Binkley also filed the answer out of time and without obtaining leave of court. Under these circumstances, the trial court did not abuse its discretion in declining to consider the answer. Alldred, supra. Nor did it abuse its discretion in overruling Binkley's February 26, 2008, motion for relief from the default judgment. The motion failed to establish any grounds for relief.
 {¶ 12} Based on the reasoning set forth above, we hereby overrule Binkley's assignment of error and affirm the judgment of the Dayton Municipal Court.
 FAIN, J., and GRADY, J., concur. *Page 1