[Cite as *Schrader v. Schrader*, 2012-Ohio-4032.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CYNTHIA J. SCHRADER | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | |
| -vs- | Case No. 2012CA00010 |
| DANIEL J. SCHRADER | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Stark County Court of
Common Pleas, Family Court Division,
Case No. 2010DR01364

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT ENTRY:    September 4, 2012

APPEARANCES:

For Appellee                      For Appellant

GREGORY J. RUFO            ROSEMARY G. RUBIN
BRIAN K. NAM                The Victorian Professional Building
The Rufo Law Firm           1435 Market Avenue, North
101 Central Plaza S.         Canton, Ohio 44714
900 Chase Tower
Canton, Ohio 44702

*Gwin, J.*

{¶1} Plaintiff-Appellant Cynthia J. Schrader ("Wife") appeals the January 12, 2012 Judgment Entry entered by the Stark County Court of Common Pleas, Family Court Division, which denied her motion for relief from judgment. Defendant-appellee is Daniel J. Schrader ("Husband").

STATEMENT OF THE FACTS AND CASE

{¶2} Husband and Wife were married on June 17, 2000. No children were born as issue of the marriage. Wife filed a Complaint for Divorce on November 2, 2010. The trial court issued temporary orders on November 30, 2010, ordering Husband to pay $400/month in spousal support as well as the mortgage, car insurance, and utilities.

{¶3} The matter came on for final hearing on June 9, 2011. Prior to the final hearing, Wife's attorney, Rosemary Rubin, faxed a draft of a proposed separation agreement to Husband's attorney, James Adlon. On the morning of the hearing, counsel for both parties discussed the separation agreement. The discussions were held outside the presence of their clients.

{¶4} The proposed separation agreement read, in relevant part:

Upon sale of the marital residence, the Wife will receive the first $10,000 from the proceeds of the sale and the parties will split the remaining proceeds equally from the sale.

{¶5} Attorney Adlon crossed out the entire sentence following the clause, "Upon the sale of the marital residence", and interlineated the following:

The Husband shall pay to the Wife the sum of $8,500.00 from his share of the proceeds of the said real estate to offset the difference in equity in the motor vehicles.

In the event that there is no sale of the said real estate at the auction with reserve, then the Husband shall, within 45 days thereafter, purchase the Wife's interest therein by paying to Wife one-half of the difference between $160,000.00 and the mortgage balances owed at that time plus an additional $8,500.00. All mortgages shall be paid current.

{¶6} Both Husband and Wife initialed the deletion as well as the interlineations.

{¶7} Via Judgment Entry filed June 10, 2011, the trial court granted the parties' divorce. The trial court approved, adopted and incorporated the Separation Agreement into the final decree, which it ordered Attorney Adlon to prepare. The parties executed the Separation Agreement with the approved changes and filed such on June 17, 2011. The trial court issued the Final Judgment Entry of Divorce on June 21, 2011.

{¶8} On November 8, 2011, Wife filed a Motion for Relief from Judgment pursuant to Civ. R. 60(A) and 60(B)(1). Therein, Wife claimed the parties had made a mutual clerical mistake in the drafting of the interlineations, specifically, the failure of the interlineations to include language relative to the division of the proceeds of the sale of the marital residence. Wife asserted the parties intended for the proceeds to be divided equally. Wife requested the trial court correct the mutual mistake and reform the language of the Separation Agreement. Each party filed respective trial memorandum on the issue.

{¶9} The trial court conducted a hearing on the motion on January 4, 2012. At the hearing, Attorney Adlon, who was no longer representing Husband, acknowledged he personally wrote the interlineations on the draft separation agreement. The trial court sustained the objections of Attorney Gregory Rufo, Husband's current attorney, to questions posed by Attorney Rubin to Attorney Adlon as to the intent of the parties relative to the division of the proceeds of the sale of the marital residence. Wife testified it was her understanding the interlineations did not alter the agreement each party would receive one-half of the proceeds of the marital residence.

{¶10} Via Judgment Entry filed January 12, 2012, the trial court denied Wife's motion for relief from judgment based upon the findings and reasons set forth in Husband's trial memorandum.

{¶11} It is from that judgment entry Wife appeals, asserting as error:

{¶12} "I. THE TRIAL COURT ERRED IN FAILING TO GRANT RELIEF FROM JUDGMENT PURSUANT TO OHIO RULES OF CIVIL PROCEDURE 60(A) AND 60(B) FOR A MUTUAL MISTAKE OF THE PARTIES.

{¶13} "II. THE TRIAL COURT ERRED IN ADOPTING THE TRIAL MEMORANDUM OF THE DEFENDANT/APPELLEE WITHOUT FURTHER EXPLANATION AS TO THE REASONS FOR DENIAL OF THE CIVIL RULE 60 MOTION.

{¶14} "III. THE TRIAL COURT ERRED IN THAT BY FAILING TO CORRECT THE MISTAKE IN THE SEPARATION AGREEMENT THE COURT HAS NOT AFFECTED AN EQUITABLE DIVISION OF MARITAL PROPERTY PURSUANT TO OHIO REVISED CODE 3105.171."

I, II

{¶15} Wife's first and second assignments of error involve a similar analysis; therefore, shall be addressed together.  In her first assignment of error, Wife maintains the trial court erred in denying her Civ. R. 60(A) and 60(B) motion for relief from judgment as a mutual mistake by the parties warranted the requested relief.  In her second assignment of error, Wife asserts the trial court erred in adopting Husband's trial memorandum as grounds for denying Wife's motion for relief from judgment without further explanation.

{¶16}  Civ. R. 60(A) provides, in pertinent part:

Clerical mistakes in judgments, orders or other parts of the record

and errors therein arising from oversight or omission may be corrected by

the court at any time on its own initiative or on the motion of any party and

after such notice, if any, as the court orders.

{¶17}  Wife contends the failure of the parties to realize the language indicating the parties would equally divide the proceeds from the sale of the residence was merely a clerical error and the trial court should have corrected the judgment entry to reflect the intent of the parties.

{¶18}  Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes that are apparent on the record but does not authorize a trial court to make substantive changes in judgments. *Londrico v. Delores C. Knowlton, Inc.*, 88 Ohio App.3d 282, 285, 623 N.E.2d 723 (1993). The term "clerical mistake" refers to a mistake or omission mechanical in nature and apparent on the record that does not involve a legal decision or judgment. Id. at 285, 623 N.E.2d 723. It is a type of error "identified

with mistakes in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents may be handled by others." *Dentsply Internatl., Inc. v. Kostas*, 26 Ohio App.3d 116, 118, 498 N.E.2d 1079 (1985); 514 U. S. 419*; See, generally*, McCormac & Solimine, Ohio Civil Rules Practice (3d Ed.2003) 368, Section 13.34.

**{¶19}** We find the mistake Wife asked the trial court to correct was, in reality, no more than clerical in nature. We disagree with the trial court the further addition of a provision to the judgment regarding how the sale proceeds is to be divided would be a substantive change.

**{¶20}** The Separation Agreement clearly provides Husband is to pay Wife the sum of $8,500.00 from "his share of the proceeds" of the sale of the marital residence. Webster's Dictionary defines the word "share" as "the part allotted or belonging to one of a number owning together property or interest"*; "*any of the equal portions into which property or invested capital is divided".  To argue "his share" equates to all of the net proceeds of the sale of the residence less $8,500.00 is disingenuous.

**{¶21}** Further, the Separation Agreement further states,

> In the event that there is no sale of the said real estate at the auction with reserve, then the Husband shall, within 45 days thereafter, *purchase the Wife's interest therein by paying to Wife one-half of the difference between $160,000.00 and the mortgage balances owed at that time plus an additional $8,500.00.* All mortgages shall be paid current.

(Emphasis added). "Except in topsy-turvy land, you can't die before you are conceived, or be divorced before ever you marry, or harvest a crop never planted, or burn down a

house never built, or miss a train running on a non-existent railroad..." *Shover v. Cordis Corp.* (1991), 61 Ohio St. 3d 213, 233 (Douglas, J., dissenting). (Quoting *Dincher v. Marlin Firearms Co.* (C.A. 2 1952), 198 F. 2d 821,823). In this case, the Husband agreed to pay the Wife one-half of the difference between $160,000.00 and the mortgage balances owed at that time in the event the real estate is not sold at the auction with reserve. Only in topsy-turvy land would you intend to pay the Wife one-half the value of the marital residence *if it does not sell*, yet intend that the Husband receive the entire profit in the event the property *is sold*. We see no legitimate reason to divest a person from his or her right to the proceeds of the sale of the marital residence simply because the document was hurriedly cobbled together to avoid a trial.

**{¶22}** When the language cited within the Separation Agreement is read as a whole, we find that the intent of the parties is patently obvious.

**{¶23}** Wife's first and second assignments of error are sustained.

III

**{¶24}** In her third assignment of error, Wife submits the division of marital property is inequitable as a result of the trial court's failure to correct the mistake in the Separation Agreement.

**{¶25}** Wife never appealed the final divorce decree. Any argument regarding the equity of the division of marital property could have been raised in a direct appeal of the original divorce decree. Having failed to file a direct appeal, Wife is now barred by the doctrine of res judicata. *State ex rel. Carroll v. Corrigan* (2001), 91 Ohio St.3d 331, 332, 774 N.E.2d 771, 2001-Ohio-54.

**{¶26}** Wife's third assignment of error is overruled.

**{¶27}** The judgment of the Stark County Court of Common Pleas, Family Court Division, is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion and the law.

By: Gwin, J. and

Delaney, P.J., concur

Hoffman, J., dissents

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


WSG:clw 0731

*Hoffman, J., dissenting*

**{¶28}** I respectfully dissent from the Majority's decision with respect to Wife's first and second assignments of error.  My reasons follow.

**{¶29}** Wife contends the failure of the parties to realize the language indicating the parties would equally divide the proceeds from the sale of the residence was merely a clerical error and the trial court should have corrected the judgment entry to reflect the intent of the parties.  While Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes that are apparent on the record, the Rule does not authorize a trial court to make substantive changes in judgments. *Londrico v. Delores C. Knowlton, Inc.*, 88 Ohio App.3d 282, 285, 623 N.E.2d 723 (1993). The term "clerical mistake" refers to a mistake or omission mechanical in nature and apparent on the record that does not involve a legal decision or judgment. Id. at 285, 623 N.E.2d 723. It is a type of error "identified with mistakes in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents may be handled by others." *Dentsply Internatl., Inc. v. Kostas*, 26 Ohio App.3d 116, 118, 26 OBR 327, 498 N.E.2d 1079 (1985); see, generally, *McCormac & Solimine*, Ohio Civil Rules Practice (3d Ed.2003) 368, Section 13.34.

**{¶30}** I find the mistake Wife asked the trial court to correct was more than clerical in nature. I agree with the trial court the further addition of a provision to the judgment regarding how the sale proceeds are to be divided would be a substantive change.  Wife cites the deleted language of the draft of her proposed settlement agreement, to which Husband's attorney added interlineations, to establish the parties' intent the sale proceeds be divided equally.  However, I find such intent is not apparent

on the record. The issue was not presented to the trial court at the final hearing at which the terms of the Settlement Agreement were read into the record. Accordingly, I would find the trial court did not abuse its discretion in overruling Wife's motion for relief from judgment, and would overrule Wife's first and second assignments of error.

{¶31} I caution my dissent should not be read to espouse Husband's position, after he pays Wife $8,500.00 from the proceeds of the sale of the marital residence, he "receives the rest of the proceeds from the sale, after the payment of all outstanding mortgages, taxes, insurances, utilities, etc., associated with the sale of the residence". Brief of Appellee at 10. The Separation Agreement clearly provides Husband is to pay Wife the sum of $8,500.00 from "his share of the proceeds" of the sale of the marital residence. Webster's Dictionary defines the word "share" as "the part allotted or belonging to one of a number owning together property or interest"; "any of the equal portions into which property or invested capital is divided". I find his assertion "his share" equates to all of the net proceeds of the sale of the residence less $8,500.00 to be disingenuous.

_____

HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

CYNTHIA J. SCHRADER                         :
                                            :
    Plaintiff-Appellant                  :
                                            :
-vs-                                        :          JUDGMENT ENTRY
                                            :
DANIEL J. SCHRADER                          :
                                            :
    Defendant-Appellee                   :          Case No. 2012CA00010

For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas, Family Court Division, is reversed and  this matter is remanded to the trial court for further proceedings consistent with this opinion and the law.  Costs to be divided equally.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN