[Cite as *134 West 46th St. Holdings v. Myers*, 2013-Ohio-5191.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| 134 WEST 46TH STREET HOLDINGS LLC, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2013-A-0025** |
| - vs - | : | |
| ROBERT H. MYERS, JR., ESQ., TRUSTEE, et al., | : | |
| Defendants, | : | |
| GEORGE E. AND/OR LOUISE CISCO, et al. | : | |
| | : | |
| Defendants-Appellants. | : | |
| | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2005 CV 769.

Judgment: Affirmed.

*Jon L. Lindberg,* Warren and Young PPL, 134 West 46th Street, P.O. Box 2300, Ashtabula, OH 44005 (For Plaintiff-Appellee).

*George L. Badovick,* 13033 Ravenna Road, Chardon, OH 44024 (For Defendants-Appellants).

DIANE V. GRENDELL, J.

{¶1} Defendants-appellants, Cisco-Long Corporation, George Cisco, and Louise Cisco, appeal the January 30, 2012 Judgment Entry of the Ashtabula County Court of Common Pleas, amending, nunc pro tunc, a prior Judgment Entry by correcting

"a clerical error." The issue before this court is whether it is clerical error, subject to correction by the entry of a nunc pro tunc judgment, when a judgment entry memorializing the parties' settlement and stipulation refers to a single "defendant," despite the fact that four defendants were involved in the litigation. For the following reasons, we affirm the decision of the court below.

{¶2} On August 2, 2005, the Ashtabula Port Authority filed a Complaint (Petition for Appropriation) in the Ashtabula County Court of Common Pleas against Robert H. Myers, Jr., in his capacity as trustee, Robert G. and Larayne Long, George E. and Louise Cisco, and the Cisco-Long Corporation. The Ashtabula Port Authority sought to acquire certain property, deemed "blighted, dangerous and deteriorated," in fee simple and "redevelop the property, [and] eliminate the dangerous and deteriorated condition of the property." The Complaint identified Robert Myers, Trustee, as the owner of record. The other defendants were alleged to potentially "have an interest in the property as prior owners in the chain of title, or by virtue of an interest in a trust or other relationship to the owner of the property, Robert H. Myers, Jr., Trustee."

{¶3} On September 1, 2005, Myers, Cisco-Long Corporation, and the Ciscos filed an Answer and Counterclaim. The Answer contained the following admissions: "that Defendant Robert H. Myers, Jr., Trustee, is the current owner in fee simple of the real property"; "that Defendant Cisco-Long Corporation is also the owner of certain easements and other rights in the real property"; "that Defendant Cisco-Long Corporation is the beneficiary of the trust of which Defendant Robert H. Myers, Jr., is trustee"; "that Defendants George E. Cisco and Louise Cisco, husband and wife, are the shareholders and officers of Defendant Cisco-Long Corporation"; and "that by virtue of

2

the fact that Defendants George E. Cisco and Louise Cisco are the shareholders of Defendant Cisco-Long Corporation, Defendants George E. Cisco and Louise Cisco are equitable owners of any and all real property owned by Defendant Cisco-Long Corporation."

{¶4} The "Defendants Robert H. Myers, Jr., Trustee, George E. Cisco, Louise Cisco, and Cisco-Long Corporation" also raised a nine-count Counterclaim, alleging that the Ashtabula Port Authority had deprived them of, and otherwise violated, their property rights without procedural or substantive due process and in violation of various provisions of the United States and Ohio Constitutions. Myers, the Ciscos, and the Cisco-Long Corporation sought declaratory and injunctive relief, and compensatory damages in excess of the sum of twenty-five thousand dollars.

{¶5} On February 6, 2006, the trial court issued a Judgment Entry noting that "[s]ervice was made upon Larayne Long * * * and no responsive pleading has been filed by her." The court noted that its docket did not reflect that service was made upon Robert Long, and that, "[a]ccording to Defendants' counsel," he was "no longer a party in interest."

{¶6} On May 18, 2006, the trial court issued a Judgment Entry, finding "that the parties have reached an agreement and stipulation regarding the settlement of the issues set forth in the pleadings." The substance of the agreement was as follows:

{¶7} The Court finds that Defendant has agreed to donate the following described real property to Plaintiff:

- .53 acres permanent parcel number 05-209-00-006-01 ("parking lot");

3

- .026 acres permanent parcel number 05-209-00-007-03 ("walkway");

\* \* \*

**{¶8}** Plaintiff has agreed to pay Defendant a total of $38,000 as reimbursement for his costs, attorney and expert witness fees, and other expenses incurred in this matter.

**{¶9}** Plaintiff shall undertake capital improvements to the parking lot within 120 days of the date of this order at its own expense and Defendant shall not be liable for any contribution toward the cost thereof.

**{¶10}** The terms and conditions, rights and obligations of Defendant contained in the Deeds from Defendant's predecessor-in-interest \* \* \* are hereby transferred to Plaintiff and are preserved, except as modified herein.

**{¶11}** On and after the second anniversary of this order, Defendant, its successors and assigns, shall agree to pay Plaintiff or its lessee, their respective successors and assigns, or any party assuming the obligation to maintain the parking lot and walkway a sum to be billed not less than quarterly in advance equal to 60% of the net cost of operating and maintaining said property, including, but not limited to, security, landscaping, utilities, insurance, paving, lighting, snow removal, janitorial service, taxes, repairs and replacements, but not including any salary or compensation to any officer or manager of Plaintiff or its lessee, their successors and assigns.

**{¶12}** All other claims and counterclaims between the parties are settled and dismissed with prejudice.

**{¶13}** On July 7, 2011, 134 West 46th Street Holdings, LLC, as successor-in-interest to the Ashtabula Port Authority, filed a Motion to Enforce the Judgment Entry of May 18, 2006 and for a Nunc pro Tunc Order. West 46th Street Holdings sought: "(1) an Order granting Plaintiff a monetary judgment in the amount of $29,217.24 plus 60% of all subsequently incurred operation and maintenance costs relating to the Property as described in the Judgment Entry of May 18, 2006; and (2) a Nunc Pro Tunc Order clarifying that all Defendants who appeared in this case (and the properties owned by them) are jointly and severally liable for 60% of the operation and maintenance costs described in the Judgment Entry of May 18, 2006."

**{¶14}** On August 29, 2011, "defendants Cisco-Long Corporation, George Cisco and Louise Cisco" filed a Brief in Opposition to Motion to Enforce Judgment.[1] The Ciscos and Cisco-Long Corporation argued that "[i]t was never shown that these parties had an interest [in the subject property]." They further argued that Cisco-Long Corporation's corporate veil was never pierced so as to impose liability on the Ciscos individually as shareholders. They also argued that it had never been established that the Cisco-Long Corporation was the beneficiary of the trust, of which Robert H. Myers was trustee. Accordingly, there was "simply no basis to ask the Court to impose judgment against Mr. and Mrs. Cisco."

**{¶15}** On June 30, 2012, the trial court issued a Judgment Entry, granting West 46th Street Holdings' Motion to Enforce Judgment Entry of May 18, 2006 and for a Nunc pro Tunc Order. The court ordered that "the May 18, 2006 Judgment Entry be, and the same hereby is, amended *nunc pro tunc* to correct a clerical error by replacing the word

---

1. Defendant Robert H. Myers, Jr., Trustee, filed a separate Brief in Opposition and is not a party to this appeal.

'Defendant' and all singular pronouns used in reference to [the] same, with the word 'Defendants.'" The court also set the matter for a hearing on damages.

**{¶16}** On February 27, 2012, the Ciscos and the Cisco-Long Corporation filed a Notice of Appeal, assigned Court of Appeals No. 2012-A-0009.

**{¶17}** On September 28, 2012, this court dismissed the appeal for lack of a final order. *134 W. 46th St. Holdings, LLC v. Myers*, 11th Dist. Ashtabula No. 2012-A-0009, 2012-Ohio-4469.

**{¶18}** On April 4, 2013, the trial court issued a Judgment Entry, entering judgment against "Defendants, George Cisco, Louise Cisco, the Cisco-Long Corporation, and Robert H. Myers, Trustee," in the amount of $34,970.52.

**{¶19}** On May 1, 2013, the Ciscos and the Cisco-Long Corporation filed a Notice of Appeal, assigned Court of Appeals No. 2013-A-0025. On appeal, the Ciscos and the Cisco-Long Corporation raise the following assignment of error:

**{¶20}** "[1.] The Trial Court abused its discretion by issuing a nunc pro tunc order to modify a judgment it never made."

**{¶21}** "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." Civ.R. 60(A). As construed by the Ohio Supreme Court, "Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments." *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 671 N.E.2d 236 (1996), citing *Londrico v. Delores C. Knowlton, Inc.*, 88 Ohio App.3d 282,

6

285, 623 N.E.2d 723 (9th Dist.1993). "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." *Id.*; *Webb v. W. Res. Bond & Share Co.*, 115 Ohio St. 247, 256, 153 N.E. 289 (1926) ("if the entry of the court does not actually speak the truth, the trial court has the power, after the term, to make an entry *nunc pro tunc* showing not what it might have decided, or have intended to decide, but what it actually did decide").

{¶22} The Ciscos and the Cisco-Long Corporation argue that there was no error, clerical or otherwise, in the May 18, 2006 Judgment Entry for the trial court to correct. The Ciscos assert that they "are merely shareholders in the corporation which may be a beneficiary of the trust." Brief of Appellants, at 5. The original Complaint did not seek to pierce the corporate veil to impose liability on the shareholders, and there was nothing in the record "that gives any indication that the corporation, as a beneficiary, could somehow take on the liability of the Trustee." Brief of Appellants, at 5 and 7.

{¶23} We find no abuse of discretion in the trial court's amendment of the May 18, 2006 Judgment Entry to apply to all defendants named in the original Complaint. As an initial matter, a reviewing court will show deference to the trial court in such situations inasmuch as the "trial court is in the best position to know what it actually meant." *Brush v. Hassertt*, 2nd Dist. Montgomery No. 21687, 2007-Ohio-2419, ¶ 25.

{¶24} In the present case, the record before this court demonstrates that the May 18, 2006 Judgment Entry memorialized the agreement and stipulation entered into by all the parties in the original action: the Ashtabula Port Authority, Myers in his capacity as trustee, the Ciscos, and the Cisco-Long Corporation. That agreement resulted in the dismissal of the Ciscos and the Cisco-Long Corporation's nine-count

7

Counterclaim with prejudice. It is not credible to believe that the settlement that resulted in the dismissal of the counterclaims did not or could not apply to all the parties raising the counterclaims.

{¶25} Moreover, the Ciscos and the Cisco-Long Corporation's claim that there is no basis for imposing liability on them is belied by the admissions made in their Answer. It has already been admitted that: the Cisco-Long Corporation had an interest in the real property independent of the trust; the Cisco-Long Corporation is the beneficiary of the trust; the Ciscos are the sole shareholders and officers of the Cisco-Long Corporation; and that the Ciscos are the "equitable owners" of all property owned by the Corporation. *See Black's Law Dictionary* 1137 (8th Ed.2004) (an "equitable owner" is "[o]ne recognized in equity as the owner of something because use and title belong to that person, even though legal title may belong to someone else; esp. one for whom property is held in trust").

{¶26} The Counterclaim described the subject property (parking lot and walkway) as being part of a "contiguous larger piece of real estate commonly known as the Ashtabula Arrowhead Mini-Mall." The property is subject to a restrictive covenant for use as a parking lot and to various perpetual easements held by the adjoining property owners and the general public. The subject property was owned by Myers, as trustee for the Cisco-Long Corporation, and the Corporation was the fee simple owner of an adjoining parcel "upon which is located the commercial building bearing the address of 4626 Main Avenue and 4628 Main Avenue." Thus, despite the transfer of title of the subject property to the Port Authority, the Ciscos and their Corporation still possessed an interest in the subject property by virtue of being an adjoining landowner

8

and benefited therefrom by virtue of easement rights. That they would agree to bear the cost of maintaining the subject property in which they continued to have a beneficial interest is not at all remarkable.

{¶27} The sole assignment of error is without merit.

{¶28} For the foregoing reasons, the Judgment Entry of the Ashtabula County Court of Common Pleas, amending a prior Judgment so that it is binding on all defendants named in the original Complaint, is affirmed. Costs to be taxed against the appellants.

TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

9