[Cite as *Mannion v. Mannion*, 2025-Ohio-544.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DAWN MANNION,                                    :

    Plaintiff-Appellant,            :

                                    No. 113773

    v.                                          :

THOMAS P. MANNION,                          :

    Defendant-Appellee.             :

_____

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 20, 2025

_____

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-19-378338

_____

*Appearances:*

Stafford Law Co. L.P.A. and Nicole A. Cruz, *for appellant*

Thomas P. Mannion, *pro se*.

WILLIAM A. KLATT, J.:

{¶ 1} Plaintiff-appellant Dawn Mannion ("Dawn") appeals from the trial court's February 29, 2024 nunc pro tunc judgment entry. For the following reasons, we reverse and remand.

**Factual and Procedural History**

{¶ 2} This appeal stems from a divorce action between Dawn and defendant-appellee Thomas P. Mannion ("Thomas"). On September 9, 2019, Dawn filed a complaint for divorce from her then-husband, Thomas. On October 21, 2020, the trial court issued a judgment entry of divorce ("divorce decree"). A separation agreement dated September 16, 2020, and signed by both parties was attached to the divorce decree as Exhibit A.

{¶ 3} On October 20, 2021, Dawn filed a Civ.R. 60(B) motion for relief from judgment. The 60(B) motion asserted that the divorce decree and separation agreement did not provide for the division of the entire marital estate. The motion further asserted that Dawn executed modifications to the separation agreement after September 16, 2020.

{¶ 4} On December 16, 2021, Thomas filed a brief in opposition to the 60(B) motion. On February 28, 2022, Dawn filed a reply brief in support of her 60(B) motion.

{¶ 5} On December 1, 2023, the trial court issued a judgment entry stating that a contested trial was held on that date on Dawn's 60(B) motion. The judgment entry specifically stated:

> Arguments were presented to the Court on the pending *Motion for Relief from Judgment*. During arguments both parties acknowledged that the *Judgment Entry of Divorce journalized on October 21, 2020* did not contain the correct version of the parties' Separation Agreement. At the close of arguments, the parties were ordered to brief the issue of the implications of the incorrect Separation Agreement being attached to the parties' *Judgment Entry of Divorce*, and whether

said *Judgment Entry* should be vacated. The parties also agreed to have the matter decided upon their briefs.

{¶ 6} On December 30, 2023, Thomas filed a brief "concerning judgment entry of divorce and clerical error." On January 30, 2024, Dawn filed a brief in support of her motion for relief from judgment. On February 7, 2024, Thomas filed a motion for an evidentiary hearing, which Dawn opposed. On February 14, 2024, Thomas filed a "reply to [Dawn's] brief in support of motion for relief from judgment." On February 16, 2024, Thomas filed a "brief in opposition to [Dawn's] brief in support of motion for relief from judgment."

{¶ 7} On February 28, 2024, the trial court issued a judgment entry stating, in relevant part:

> This matter came before the Court on the 28th day of February, 2024, upon Plaintiff's Motion for Relief from Judgment filed October 20, 2021.
>
> . . .
>
> Civ.R. 60(A) states in part: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders."
>
> "'Clerical mistakes' are considered mechanical in nature — the so-called 'blunders in execution' — as opposed to substantive mistakes that result from an application of discretion or judgment by the court." *Pursel v. Pursel*, 8th Dist. No. 91837, 2009-Ohio-4708, ¶ 8, citing *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 1996-Ohio-340, 671 N.E.2d 236; *Kuehn v. Kuehn*, 55 Ohio App.3d 245, 247, 564 N.E.2d 97 (12th Dist.1988). When reviewing a claim raised under Civ.R. 60(A), we must be mindful to consider the nature of the correction, rather than the effect of the correction. *Id.*, citing *Brush v. Hassertt*, 2d Dist. No. 21687, 2007-Ohio-2419, ¶ 28.

*Hill v. Ross*, 8th Dist. Cuyahoga Nos. 99094, 99122, 2013-Ohio-1903, ¶ 4. Additionally,

Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments. *Londrico v. Delores C. Knowlton, Inc.* (1993), 88 Ohio App. 3d 282, 285, 623 N.E.2d 723, 725. The term "clerical mistake" refers to a mistake in omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment. *Id.*, 88 Ohio App. 3d at 285, 623 N.E.2d at 725; *Dentsply Internatl., Inc. v. Kostas* (1985), 26 Ohio App. 3d 116, 118, 26 Ohio B. Rep. 327, 328-329, 498 N.E.2d 1079, 1081.

*State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 671 N.E.2d 236 (1996).

In *Hill*, the judgment entry for the parties' dissolution attached the incorrect separation agreement. The correct separation agreement had previously been attached to the parties' petition for dissolution. While *Hill* dealt with a dissolution, this Court finds the case instructive: "While it is true that Civ.R. 60(A) is applied only to correct clerical errors arising from oversight or omission, the court committed an error of oversight by attaching to the dissolution entry a separation agreement that was different from the one filed by the parties at the time they petitioned the court for a dissolution of their marriage." *Id.* at ¶ 7.

Here, this Court is not changing the substance of what was decided in its *Judgment Entry of Divorce*, but conforming the judgment entry to what the parties originally agreed upon. Both parties agree that the incorrect Separation Agreement was attached to the *Judgment Entry of Divorce*. Per [Thomas's] Brief, the parties entered into their first Separation Agreement on September 16, 2020, and then a modified second Separation Agreement on [September 29, 2020], both of which were forwarded to this Court's preapproval department. The first agreement was provided on September 23, 2020, and the second was provided on September 30, 2020. The Court was again provided the first Separation Agreement via email on October 9, 2020. [Dawn] has not disputed this timeline of events surrounding the submission of the separation agreements. Understandably there appears to have been confusion due to the back and forth emails in attempts to approve the parties' paperwork for finalization.

After due consideration, this Court finds that the *Judgment Entry of Divorce* filed October 21, 2020, shall be corrected to include the modified second Separation Agreement that was agreed to by the parties on September 29, 2020. Said finding is fair, just, and equitable, as it was the original agreement of the parties that was intended to be included in their *Judgment Entry of Divorce*. Said corrected judgment entry will be issued via separate entry.

It is therefore ordered, adjudged and decreed that the *Judgment Entry of Divorce* filed October 21, 2020, shall be corrected to include the modified second Separation Agreement that was agreed to by the parties on September 29, 2020. Said finding is fair, just, and equitable, as it was the original agreement of the parties that was intended to be included in their *Judgment Entry of Divorce*. Said corrected judgment entry will be issued via separate entry.

It is further ordered that [Dawn] shall have until April 15, 2024, to supplement her *Motion for Relief from Judgment* based upon the issuance of the *Nunc Pro Tunc Judgment Entry of Divorce*. [Thomas] shall have until May 15, 2024, to file a response or supplement their original response.

{¶ 8} On February 29, 2024, the trial court issued a nunc pro tunc entry stating:

This matter came before the Court on the 29th day of February, 2024, upon *Plaintiff's Motion for Relief from Judgment* filed October 20, 2021, and pursuant to this Court's *Judgment Entry* issued February 28, 2024.

The Court finds that a clerical error resulted in the incorrect first Separation Agreement, dated September 16, 2020, being attached to the parties' *Judgment Entry of Divorce* filed October 21, 2020, instead of the modified second Separation Agreement that was agreed to by the parties on September 29, 2020. The Court finds that, after due consideration and for good cause shown, the modified second Separation Agreement that was agreed to by the parties on September 29, 2020, should be attached to the *Judgment Entry of Divorce* as originally intended by both parties.

It is therefore ordered, adjudged and decreed that the *Judgment Entry of Divorce* filed October 21, 2020, is corrected to attach the modified second Separation Agreement that was agreed to by the parties on September 29, 2020, to the decree as originally intended.

{¶ 9} On March 28, 2024, Dawn filed a timely notice of appeal. She raises a single assignment of error for our review:

The trial court erred as a matter of law and abused its discretion by failing to grant the appellant's motion for relief from judgment pursuant to Civ.R. 60(B).

**Law and Analysis**

{¶ 10} In Dawn sole assignment of error, she challenges the trial court's "unwarranted refusal to grant" her Civ.R. 60(B) motion for relief from judgment. As an initial matter, we note that, as of the filing of the notice of appeal in this case, Dawn's Civ.R. 60(B) motion for relief from judgment remains pending. We note that, while Dawn is careful to refer to the trial court's "refusal to grant" her motion, rather than its "denial" thereof, in either case, her arguments purport to challenge the trial court's ruling on the motion. Our review of the record shows that there has been no ruling on this motion. In its February 28, 2024 judgment entry, the trial court explicitly provided Dawn with the opportunity to supplement her Civ.R. 60(B) motion based on the replacement of the September 16 separation agreement with the September 29 separation agreement. The record reflects that Dawn did not supplement her motion; instead, she filed the instant appeal. Because there has not been a ruling on Dawn's Civ.R. 60(B) motion, we disregard her assignment of error challenging the trial court's refusal to grant this motion.

{¶ 11} While we are unable to address Dawn's substantive arguments relating to her Civ.R. 60(B) motion, we now sua sponte turn to the trial court's use of a nunc pro tunc entry.

{¶ 12} Civ.R. 60(A) refers to clerical mistakes and provides, in relevant part:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Thus, Civ.R. 60(A) is appropriately employed to correct clerical mistakes. Clerical mistakes under Civ.R. 60(A) "'[refer] to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'" *Nichols v. Nichols*, 2013-Ohio-3927, ¶ 12 (10th Dist.), quoting *Wardeh v. Altabchi*, 2004-Ohio-4423 (10th Dist.), quoting *State ex rel. Litty v. Leskovyansky*, 1996-Ohio-340. "A nunc pro tunc entry that seeks to make a substantive correction to a previous journal entry is void." *Barille v. O'Toole*, 2003-Ohio-4343, ¶ 50 (8th Dist.), citing *Ickes v. CNA Ins.*, 2002-Ohio-2531 (5th Dist.).

{¶ 13} Further, a nunc pro tunc may be issued by a trial court "to make its record speak the truth" and is therefore "limited to memorializing what the trial court actually did at an earlier point in time." *Vo v. Gorski*, 2021-Ohio-1957, ¶ 32 (8th Dist.), quoting *Alden v. FirstEnergy Corp.*, 2014-Ohio-3235, ¶ 10, quoting *Scaglione v. Saridakis*, 2009-Ohio-4702, ¶ 9 (8th Dist.). Put another way, a nunc pro tunc order "cannot be used to supply omitted action, or to indicate what the

court might or should have decided, or what the trial court intended to decide." *Alden* at ¶ 10, quoting *Scaglione* at ¶ 9.

{¶ 14} The issuance of a nunc pro tunc in the instant case was not employed to memorialize what the trial court did at an earlier point in time. While both parties agree that the first separation agreement initially attached to the divorce decree was an incorrect version of the agreement, the parties do not agree that the second separation agreement is the correct version of the agreement.

{¶ 15} There is nothing in the record to suggest that, prior to the issuance of the nunc pro tunc order, the trial court had actually decided to attach the second separation agreement to the parties' divorce decree.

{¶ 16} Because the trial court's February 29, 2024 judgment entry constituted an improper use of a nunc pro tunc pursuant to Civ.R. 60(A), the February 29, 2024 judgment entry is vacated, and the portion of the February 28, 2024 Journal Entry referring to the February 29 judgment entry is vacated. The effect of this judgment is that the October 21, 2020 divorce decree containing a version of the separation agreement that both parties agree is incorrect is reinstated; Dawn's Civ.R. 60(B) motion remains pending before the trial court.

{¶ 17} Judgment reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellants and appellees split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

EILEEN A. GALLAGHER, A.J., and
SEAN C. GALLAGHER, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)