**ATWATER, Appellant,**

v.

**DELAINE, Appellee.**

[Cite as *Atwater v. Delaine,* 155 Ohio App.3d 93, 2003-Ohio-5501.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 82191.

Decided Oct. 16, 2003.

94

Danny E. Atwater, pro se.

Hildebrand, Williams & Farrell and John P. Hildebrand, for appellee.

---

TIMOTHY E. MCMONAGLE, Judge.

{¶ 1} Plaintiff-appellant, Danny E. Atwater, appeals the judgment of the Cuyahoga County Common Pleas Court, Domestic Relations Division, that, in effect, modified the terms of a previously issued divorce decree to reflect that a sum of money owed to defendant-appellee, Michele Delaine, f.k.a. Michele Atwater, was to be payment as spousal support. For the reasons that follow, we reverse.

{¶ 2} The record reflects that the parties were divorced on December 1, 1999. Incorporated into the judgment entry of divorce was a "Memorandum of Understanding" that the parties had agreed to adopt as a separation agreement. Based on this memorandum, the court ordered that "[Danny] shall pay [Michele] the sum of Thirteen Thousand Dollars ($13,000.00), as and for attorney fees and other equitable property division." The court's order further provided that "neither party shall be obligated to pay spousal support to the other" and that the court "shall not maintain jurisdiction on this issue."

{¶ 3} In March 2000, Michele filed a motion to show cause as to why Danny should not be held in contempt for failure to pay her this sum of money. A hearing was held before a magistrate in September 2000, whereupon the magistrate recommended that the motion be granted and Danny be found in contempt. The trial court adopted this decision in April 2001 and entered an order consistent with the decision. In the interval between the magistrate's decision

and the trial court's adoption of that decision, however, Danny filed a petition for bankruptcy in the United States Bankruptcy Court, Northern District of Ohio, Eastern Division, and listed Michele as an unsecured creditor.[1]

{¶ 4} In January 2001, Michele filed a Civ.R. 60(B) motion to vacate the December 1999 divorce decree. The motion appeared to be premised on Civ.R. 60(B)(5). The bankruptcy stay was lifted in October 2001 with respect to Michele. Thereafter, a hearing on the motion was held in March 2002 before a magistrate. The magistrate recommended denying the motion to vacate but, nonetheless, the magistrate reconsidered the original decree sua sponte. Relying on notes made by the trial court judge on the case-designation sheet,[2] the magistrate recommended that the judgment "be clarified to reflect that the entire sum of $13,000 shall be payment of spousal support, including attorney fees." The trial court judge agreed. In November 2002, the court overruled Danny's objections, adopted the magistrate's decision, and entered an order accordingly.

{¶ 5} Danny is now before this court and assigns eight errors for our review.

I

{¶ 6} Assignments of error one, two, five, seven and eight challenge the trial court's authority to "clarify" the judgment entry granting the parties a divorce that had the effect of changing a division of property and an award of attorney fees into an award for spousal support.

{¶ 7} In its entry overruling Danny's objections and adopting the magistrate's decision, the court denied Michele's Civ.R. 60(B) motion to vacate but, nonetheless, entered the following order:

{¶ 8} "[Danny's] obligation pursuant to the prior order to pay $13,000 to [Michele] shall be considered in the nature of support as it was awarded in lieu of periodic spousal support and also as and for attorney fees. [Michele] has previously been awarded a judgment against [Danny] for the sum of $13,000 on

---

1. Danny filed this petition in November 2000.

2. Loc.R. 1(B) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, requires that a case-designation sheet be completed and filed with "all original complaints and petitions." Usually preceding the complaint, the case-designation sheet contains general information regarding the parties and includes, inter alia, name, address, social security number, place of marriage and information regarding any children. At the bottom of the sheet, for court use only, is space for notes as well as some "check the box" or "fill in the space" type of information such as whether the case is contested or uncontested, if the court found for the plaintiff or defendant, the amount of support or alimony, and any award of attorney fees. It is in this section that the trial judge wrote that there would be no alimony but included that "in lieu of alimony lump sum of $13,000" and then dated the entry November 30, 1999.

April 10, 2001 at Volume 3744, Page 058–059. Said judgment shall be clarified to reflect that the entire sum of $13,000 shall be for payment of spousal support, including attorney fees."

{¶ 9} We note initially that the April 10, 2001 judgment to which the trial court refers was a judgment based on Michele's motion to show cause. In that entry, the court granted Michele's motion and found Danny in contempt of court for failure to abide by the trial court's December 1, 1999 order. In sentencing Danny, the court stated that his "sentence will be purged provided that [Danny] * * * pay to [Michele] the sum of $13,000, for which judgment is rendered." Thus, in clarifying the April 10, 2001 order, the trial court was, in actuality, clarifying the December 1, 1999 judgment, wherein the trial court originally ordered Danny to pay $13,000 to Michele as an award for "attorney fees and other equitable property division." [3]

{¶ 10} Danny argues that the trial court was without jurisdiction to clarify the original decree where that clarification had the effect of altering or otherwise amending that decree and the court did not reserve jurisdiction to do so. It is true that the decree provides that neither party is obligated to pay spousal support to the other and, furthermore, that the court expressly did not maintain jurisdiction on the issue of spousal support. Under R.C. 3105.18(E), a trial court has the authority to modify an order for spousal support only if the divorce decree contains an express reservation of jurisdiction. *Kimble v. Kimble*, 97 Ohio St.3d 424, 2002-Ohio-6667, 780 N.E.2d 273, at the syllabus.

{¶ 11} Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes that are apparent on the record but does not authorize a trial court to make substantive changes in judgments. *Londrico v. Delores C. Knowlton, Inc.* (1993), 88 Ohio App.3d 282, 285, 623 N.E.2d 723. The term "clerical mistake" refers to a mistake or omission mechanical in nature and apparent on the record that does not involve a legal decision or judgment. Id. at 285, 623 N.E.2d 723. It is a type of error "identified with mistakes in transcrip-

---

**3.** We question the authority of the trial court to issue the April 10, 2001 order because of the automatic stay provision contained in Section 362, Title 11, U.S.Code. "The stay provisions of Section 362 are automatic and self-operating and those who have knowledge of the pendency of a bankruptcy action and stay are bound to honor the stay unless and until it is properly lifted." *In re Brock* (Bankr.Ct.S.D.Ohio 1986), 58 B.R. 797, 800, quoting *Clay v. Johns–Manville Sales Corp.* (C.A.6, 1983), 722 F.2d 1289. Here, Danny filed his bankruptcy petition in federal court in November 2000 and a motion to stay proceedings in the domestic relations court in December 2000. Although the stay is automatic, the court ruled on this motion on April 13, 2001, three days after it issued its order adopting the magistrate's decision. It was not until October 2001 that the bankruptcy court lifted the automatic stay and the trial court thereafter ruled on Michele's Civ.R. 60(B) motion in November 2002. We, nonetheless, continue our review because we find that the trial court was, in essence, modifying the December 1999 decree.

tion, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents may be handled by others." *Dentsply Internatl., Inc. v. Kostas* (1985), 26 Ohio App.3d 116, 118, 26 OBR 327, 498 N.E.2d 1079; see, generally, McCormac & Solimine, Ohio Civil Rules Practice (3d Ed.2003) 368, Section 13.34.

{¶ 12} Changing Danny's obligation to pay Michele $13,000 from an award for attorney fees and "other equitable property division" to an award for spousal support is anything but a clerical error. It is a change of substance and, therefore, cannot be justified under Civ.R. 60(A). It is true that handwritten notes on the case-designation sheet lend some credence to the magistrate's recommendation and Michele's argument that the $13,000 award was to be in lieu of spousal support. Nonetheless, the written agreement entered into between the parties and incorporated into the court's decree makes no such reference. Neither the separation agreement itself, the handwritten document that served as a basis for the separation agreement, or the divorce decree makes any such reference. On the contrary, the divorce decree, and the documents incorporated into that decree, indicates the parties' intent not only to forego spousal support but to make that provision unreviewable by the court in the future. Thus, the trial court erred in issuing its order "clarifying" an earlier order because the "clarifying order" had the effect of modifying the spousal support provision of the divorce decree, a provision that the parties had agreed, and the court ordered, unmodifiable.

{¶ 13} Our conclusion today does not jeopardize the authority of the bankruptcy court to determine the dischargeability of Danny's debt to Michele under Section 523(a)(5), Title 11, U.S.Code. Under that provision, support obligations owed to a former spouse are not entitled to the benefits of a bankruptcy discharge, thus reinforcing the general bankruptcy policy of favoring marital obligations over a debtor's need for a fresh start. *In re Hanjora* (Bankr.Ct. N.D.Ohio 2001), 276 B.R. 822, 825. The scope of Section 523(a)(5), however, is limited to those debts that are "actually in the nature" of support.[4] Section 523(a)(5)(B), Title 11, U.S.Code.

---

**4.** State courts actually have concurrent jurisdiction with the bankruptcy court in determining whether a specific obligation is in the nature of support. *Rizzen v. Spaman* (1995), 106 Ohio App.3d 95, 104, 665 N.E.2d 283; *Pearl v. Pearl* (1990), 69 Ohio App.3d 173, 177, 590 N.E.2d 315. In making this determination, however, federal law controls, guided in part by state law. *Rizzen,* supra, 106 Ohio App.3d at 103, 665 N.E.2d 283, quoting *Smith v. Smith* (1992), 81 Ohio App.3d 641, 643, 611 N.E.2d 987. Because the state law in this case prohibits the domestic relations court from modifying the terms of the divorce decree, we could not have construed the trial court's actions in this case as an exercise of this concurrent jurisdiction and upheld its judgment in the event that the record could have supported such a determination.

{¶ 14} In *In re Calhoun* (C.A.6, 1983), 715 F.2d 1103, the United States Sixth Circuit Court of Appeals set forth an analytical framework for determining when a debt is "actually in the nature" of support as that term is used in Section 523(a)(5)(B). This analysis includes considering (1) whether the intent of the state court or the parties was to create a support obligation, (2) whether the support provision has the effect of providing necessary support, (3) whether the amount of support is so excessive as to be unreasonable under traditional concepts of support, and (4) if the amount of support is unreasonable, how much of it should be characterized as nondischargeable for purposes of federal bankruptcy law. Id. at 1109–1110.

{¶ 15} Thus, the label or other designation given is not determinative of whether an obligation is "actually in the nature of support." Indeed, an obligation that is not specifically denominated as support may still be found to be a support obligation under Section 523(a)(5). Id. Furthermore, it does not appear that the bankruptcy court would be restricted by the jurisdictional limiting language contained in the trial court's judgment entry of divorce as was the state court in this case.[5]

{¶ 16} To the extent that Danny's assignments of error pertain to the trial court's judgment "clarifying" its earlier order, they are well taken and are sustained.

## II

{¶ 17} In assignments of error three, four, and six, Danny appears to challenge the trial court's ruling regarding Michele's Civ.R. 60(B) motion. He claims that the trial court erred when it (1) "considered" the motion, (2) failed to dismiss the motion, or (3) granted the motion. The court, however, denied Michele's Civ.R. 60(B) motion and appears to have premised the relief it did grant on its inherent power to sua sponte correct its own judgments. In light of the trial court's ruling and our disposition of Danny's remaining assignments of error as discussed in Section I, we need not address these assigned errors. See App.R. 12(A)(1)(c).

Judgment reversed.

ANN DYKE, J., concurs.

MICHAEL J. CORRIGAN, P.J., concurs in judgment only.

---

5. In a supplement to her brief in this court, Michele attached a May 19, 2003 decision from the United States Bankruptcy Court for the Northern District of Ohio. Relying, in part, on the judgment on appeal to this court, the bankruptcy court granted Michele's motion for summary judgment and deemed Danny's $13,000 obligation to Michele to be a nondischargeable support obligation under Section 523(a)(5), Title 11, U.S.Code.