**ROWELL, Appellee,**

v.

**SMITH, Appellant.**

[Cite as *Rowell v. Smith,* 186 Ohio App.3d 717, 2010-Ohio-260.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–671.

Decided Jan. 28, 2010.

Carol Ann Fey, for appellee.

Gary J. Gottfried Co., L.P.A., and Gary J. Gottfried, for appellant.

CONNOR, Judge.

{¶ 1} Respondent-appellant, Julie A. Smith ("appellant"), appeals the June 23, 2009 decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, finding her in contempt. For the following reasons, we reverse the finding of contempt.

{¶ 2} Appellant and petitioner-appellee, Julie R. Rowell ("appellee"), were same-sex partners who shared a seven-year relationship. During their relationship, appellant gave birth to her biological daughter. Although appellee had no

biological relationship to the minor child, she did participate in the artificial-insemination procedure and was present at the child's birth. While the parties present differing versions about the extent of each individual's involvement in the child-rearing, the parties agree that their relationship continued for the first five years of the child's life. Their relationship ended in August 2008 when appellant asked appellee to move out of the residential home.

{¶ 3} Appellee initiated this matter by filing a petition for shared legal custody of the child on October 14, 2008. On November 4, 2008, appellant filed a motion to dismiss and a motion for judgment on the pleadings. Appellant and appellee each filed affidavits in support of temporary orders.

{¶ 4} On November 12, 2008, a magistrate issued an order designating the parties as "temporary shared custodians." Following the issuance of this order, appellant filed a motion to set aside the order and a motion for stay of the order. The trial court conducted a hearing on appellant's motions on December 16, 2008. Also on this date, the trial court denied appellant's motion for stay and took appellant's motion to set aside and motion to dismiss under advisement.

{¶ 5} On January 15, 2009, the trial court issued two decisions, the first of which denied appellant's motion to dismiss and motion for judgment on the pleadings. In the second decision, the trial court granted appellant's motion to set aside the magistrate's order ("original order"). In the original order, the trial court again designated appellant and appellee as "temporary shared custodians" of the minor child.

{¶ 6} According to the briefs before this court, appellant apparently appealed this decision and filed a motion to stay execution of the judgment in the trial court. However, the briefs make no mention of a case number or any other identifying information regarding this alleged appeal. Further, upon our own independent inquiry, this court could not locate a case number or any other information regarding an appeal from the original order. According to the briefs, appellant apparently voluntarily dismissed this appeal, which may or may not have ever been actually filed with this court.

{¶ 7} On January 26, 2009, the trial court issued a modified order and specifically cited Civ.R. 60(A) as the basis for the modification ("modified order"). In this modified order, the trial court classified appellant as the "named legal custodian and residential parent" of the minor child. The modified order also outlined appellee's visitation rights with the minor child.

{¶ 8} On January 30, 2009, appellee filed a motion to show cause as to why appellant should not be held in contempt for her alleged failure to comply with the original order. The trial court set the matter for a hearing on March 10, 2009.

{¶ 9} On February 5, 2009, appellee filed a second motion to show cause for appellant's alleged failure to comply with the modified order. The trial court again set the matter for a hearing on March 10, 2009.

{¶ 10} On February 11, 2009, appellant filed an appeal and another motion to stay execution of the original and modified orders. The appeal was assigned case No. 09AP–147. On March 23, 2009, this court dismissed case No. 09AP–147 because it lacked a final, appealable order.

{¶ 11} In the interim, the trial court granted a continuance for the March 10, 2009 hearing. On May 18, 2009, appellant filed a motion to dismiss appellee's motion for contempt. The parties submitted various other motions and filings with regard to the motion for contempt. On May 26, 2009, the trial court presided over a hearing on the parties' positions.

{¶ 12} On June 23, 2009, the trial court issued its decision. With regard to appellee's January 30, 2009 motion for contempt, the trial court held:

[I]n the absence of a shared custody agreement and prior to a determination of parental unsuitability, a same sex partner who is not biologically related to the minor child is not entitled to shared custody under Ohio law. For this reason, on January 26, 2009 the Court modified the January 15, 2009 *Order* by removing the shared custodial language and naming Respondent as the legal custodian and residential parent of the minor child. On January 30, 2009 Petitioner filed a *Motion for Contempt* contending that Respondent violated the previous *Order* of January 15, 2009. However, the only notice that Respondent had up until this point in time was of an invalid order which therefore could not be violated. It is for this reason, that the Court finds that Petitioner's *Motion for Contempt* filed on January 30, 2009 is moot.

(Emphasis sic.) With regard to the February 5, 2009 motion for contempt, the trial court held:

[I]n a *Modified Order* filed on January 26, 2009, the Court amended the language of the temporary order pursuant to Civil Rule 60(A). * * * As the prior order was invalid, the Court properly used Civil Rule 60(A) to correct the January 15th *Order*, effectuating a valid *Modified Order*.

* * *

Respondent was provided adequate notice of the allegations, time to prepare a defense, and an opportunity to be heard at the May 26, 2009 hearing. Despite such notice, Respondent continued to violate the *Modified Order*. At the May 26, 2009 hearing, Respondent admitted to limiting Petitioner's visitation time during the alternate weekends and denying holiday time which was awarded to Petitioner in the *Modified Order*. It is for this reason that the Court finds Respondent in contempt.

(Emphasis and underlining sic.) Therefore, based upon the decision, the trial court clearly found appellant to be in contempt for violating the modified order, rather than the original order.

{¶ 13} Appellant has timely appealed and raises the following assignment of error:

> The Trial Court erred and abused its discretion when it found the Respondent–Appellant in contempt for her failure to abide by the Order and Modified Temporary Order of January 26, 2009 as the order was invalid and, as such, the Respondent–Appellant could not be found in contempt.

{¶ 14} In this assignment of error, appellant argues that the trial court improperly used Civ.R. 60(A) to make substantive changes to the original order. Appellant argues that as a result, the modified order is invalid. Appellant argues that because the trial court found appellant to be in violation of the invalid, modified order, the finding of contempt must be reversed. In response, appellee argues that the underlying substance of the original order remained unchanged. The first issue, therefore, regards whether the trial court properly used Civ.R. 60(A) to correct the original order.

{¶ 15} It is well settled that

> Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes that are apparent on the record but does not authorize a trial court to make substantive changes in judgments. The term "clerical mistake" refers to a mistake or omission mechanical in nature and apparent on the record that does not involve a legal decision or judgment.

(Citation omitted.) *Atwater v. Delaine,* 155 Ohio App.3d 93, 2003-Ohio-5501, 799 N.E.2d 216, ¶ 11. Similarly, this court has previously held:

> [T]he basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of "blunders in execution" whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner.

*Wardeh v. Altabchi,* 158 Ohio App.3d 325, 2004-Ohio-4423, 815 N.E.2d 712, ¶ 10, quoting *Kuehn v. Kuehn* (1988), 55 Ohio App.3d 245, 247, 564 N.E.2d 97.

{¶ 16} In the instant matter, the trial court explained the rationale underlying the changes associated with the modified order. Specifically, it held that appellee was not entitled to shared custody in the absence of a shared-custody agreement or a determination of appellant's unsuitability. "For this reason, on January 26, 2009 the Court modified the January 15, 2009 *Order* by removing the shared

custodial language and naming Respondent as the legal custodian and residential parent of the minor child."

{¶ 17} It cannot be legitimately argued that this change amounts to a clerical correction. Indeed, by its own account, the trial court changed its position on the legal issue of whether appellee could be designated a temporary shared custodian before a final determination of unsuitability and in the absence of a shared-custody agreement. Prior to the issuance of the modified order, the trial court had consistently taken the position that appellee could have such a designation. However, in the modified order, it sua sponte changed its position.

{¶ 18} Accordingly, we find that the changes associated with the modified order were substantive in nature. See *Wardeh.* As a result, we find that the modified order is invalid. See *Swift v. Gray,* 11th Dist. No. 2007–T–0096, 2008-Ohio-2321, 2008 WL 2045018, ¶ 65–69.

{¶ 19} Because the trial court limited its contempt finding to the appellant's violation of the modified order, which we have found to be invalid, we find that the trial court erred by finding appellant in contempt of the invalid modified order. As a result, we sustain appellant's assignment of error, reverse the trial court's finding of contempt in this matter, and remand to the trial court for further proceedings in accordance with law and consistent with this decision.

Judgment reversed
and cause remanded.

BROWN and McGRATH, JJ., concur.