[Cite as *Bond v. Pandolfi*, 2018-Ohio-930.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Joshua Bond, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-756 |
| v. | : | (C.P.C. No. 12JU-12-16016) |
| Gianna Pandolfi de Rinaldis, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

## D E C I S I O N

### Rendered on March 13, 2018

**On brief:** *Joshua Bond,* pro se. **Argued:** *Joshua Bond.*

**On brief:** *Sowald, Sowald, Anderson, Hawley & Johnson, Beatrice K. Sowald,* and *Eric W. Johnson,* for appellant. **Argued:** *Eric W. Johnson.*

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch

HORTON, J.

{¶ 1} In the second appeal in this child custody case, defendant-appellant, Gianna Pandolfi de Rinaldis ("Pandolfi"), appeals from the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, that sustained her motion for relief from judgment under Civ.R. 60(A). After this court affirmed a shared parenting plan in the first appeal, Pandolfi requested that the trial court amend the judgment to adopt a different plan in the record due to a purported clerical error. She now appeals that judgment, asserting that the adopted plan is inequitable. For the reasons set forth below, we hold that the doctrine of invited error precludes Pandolfi from challenging the trial court's decision. Furthermore, we recognize the error identified by plaintiff-appellee, Joshua Bond ("Bond"), who opposed Pandolfi's motion before the trial court and on appeal yet did not file a notice of cross-appeal, as the error

is apparent from the record. Thus, we also hold that the trial court erred because its ruling made a substantive change to the judgment not authorized by Civ.R. 60(A), as the rule only allows the correction of clerical errors. Accordingly, we reverse the judgment of the trial court and remand with instructions to vacate that judgment entry and reinstate the previous parenting plan.

{¶ 2} The following summary of the factual and procedural background relevant to this appeal is from the opinion resolving the first appeal, *Bond v. Pandolfi de Rinaldis*, 10th Dist. No. 15AP-646, 2016-Ohio-3342 (hereinafter "*Bond I*"):

> Pandolfi and plaintiff-appellee, Joshua Bond, are the parents of a son named Andrew. Although the parties were engaged for a short period, they never married.
>
> Andrew was born on September 27, 2012. As Andrew's mother, Pandolfi had the discretion to determine how Andrew's surname would appear on his birth certificate. See R.C. 3705.09(F)(2). Without consulting Bond, Pandolfi chose the surname "Pandolfi de Rinaldis Cano" for Andrew.
>
> On December 11, 2012, Bond filed a complaint seeking a judgment (1) determining the existence of a parent/child relationship between him and Andrew, (2) changing Andrew's surname to include Bond's surname, and (3) establishing a child custody arrangement and the amount of child support owed. Shortly after filing his complaint, Bond moved for an order allocating the parental rights and responsibilities for Andrew in accordance with the shared parenting plan that Bond filed with his motion.
>
> The parties submitted to genetic testing, which established a 99.99 percent probability that Bond was Andrew's father. Subsequent to the testing, the trial court issued an agreed judgment entry that determined that a father/child relationship existed between Bond and Andrew. The trial court reserved ruling on the remaining issues in the case.
>
> On March 19, 2013, the magistrate issued temporary orders requiring Bond to pay child support to Pandolfi and granting Bond parenting time with Andrew. Additionally, at Pandolfi's request, the magistrate appointed a guardian ad litem for Andrew.
>
> Over the course of five days in November 2013, the parties presented evidence at a hearing before the magistrate. During the hearing, the parties primarily focused on two issues: (1)

whether Andrew's surname should be changed, and (2) the appropriate custody arrangement. * * *

With regard to the custody arrangement, Bond sought shared parenting according to the plan that he had submitted to the trial court. That plan gave the parties equal parenting time with Andrew. Pandolfi resisted shared parenting and, instead, asked to be named the sole residential parent and legal custodian of Andrew. Pandolfi planned to return to her home in Puerto Rico, and she wanted to take Andrew with her. She proposed that Bond would exercise parenting time through video chatting, as well as four face-to-face visits per year.

The guardian ad litem recommended that the trial court adopt shared parenting, with Bond exercising parenting time every Monday from 5:45 p.m. until Tuesday at 7:30 a.m., every Wednesday from 5:30 p.m. until 7:30 p.m., and alternating weekends from Friday at 5:45 p.m. until Sunday at 6:00 p.m. The guardian also recommended that the parties follow the applicable local rule in determining which parent would have Andrew on the holidays, with the exception that the regular parenting time schedule would apply during winter and summer breaks. Finally, the guardian recommended that the trial court preclude Bond from leaving Andrew alone with Bond's father, Jeffrey Bond.

The magistrate issued a decision on September 3, 2014. In that decision, the magistrate concluded that a change of Andrew's surname to "Bond-Pandolfi de Rinaldis" was in Andrew's best interest. The magistrate also concluded that shared parenting was in Andrew's best interest. The magistrate, however, did not approve the shared parenting plan that Bond had submitted. The magistrate found the parenting time schedule recommended by the guardian more appropriate for Andrew than the schedule in Bond's shared parenting plan, with one exception. Instead of maintaining the regular parenting time schedule during the winter break, as the guardian recommended, the magistrate found it more appropriate to give each parent a ten-day block of parenting time during the winter break. The magistrate ordered Bond to submit an amended shared parenting plan that comported with the magistrate's findings regarding parenting time. Finally, with regard to child support, the magistrate deviated downward from the guideline child support amount and ordered Bond to pay $600 per month effective January 1, 2013. The trial court approved and adopted the magistrate's decision on the same day that it was filed.

Bond complied with the magistrate's order that he file an amended shared parenting plan. The magistrate then reviewed the amended plan. On October 21, 2014, the magistrate issued a decision finding the amended plan in Andrew's best interest and adopting that plan as the shared parenting decree. The trial court approved and adopted the magistrate's decision on the same day that it was filed.

Pandolfi objected to both of the magistrate's decisions. The trial court held a hearing on Pandolfi's objections. At the hearing, both Pandolfi and Bond testified. In a judgment issued June 12, 2015, the trial court found one of Pandolfi's objections moot and denied the remaining objections.

*Id.* at ¶ 2-12.

{¶ 3} Pandolfi appealed, raising six assignments of error. Relevant to the present appeal is her fourth assignment of error:

THE TRIAL COURT IMPROPERLY APPROVED AND ADOPTED A PARENTING PLAN THAT PROVIDED APPELLANT WITH LITTLE MEANINGFUL OPPORTUNITY TO RETURN TO HER HOME IN PUERTO RICO AT ANY TIME WITH THE MINOR CHILD.

*Id.* at ¶ 13.

{¶ 4} We overruled this assignment of error, reasoning as follows:

By her fourth assignment of error, Pandolfi argues that the trial court abused its discretion in approving a shared parenting plan that only allows for one ten-day trip to Puerto Rico every other year. This argument presumes that the trial court approved the amended shared parenting plan that Bond submitted upon the magistrate's order. However, the trial court instead approved Bond's original shared parenting plan, which was admitted as Exhibit 9 at the hearing. The original shared parenting plan follows the model parenting time schedule set forth in former Loc.R. 22 with regard to holidays and vacations. Pandolfi, therefore, may arrange a two-week vacation with Andrew every summer. Pandolfi will also receive parenting time with Andrew during one-half of every winter break, as well as the entirety of spring break every other year. The trial court found the original shared parenting plan was in Andrew's best interest because it afforded Pandolfi sufficient periods of time throughout the year to travel. We see no abuse of discretion in this finding. Accordingly, we overrule Pandolfi's fourth assignment of error.

*Id.* at ¶ 46.

{¶ 5}   We overruled Pandolfi's other assignments of error and affirmed the trial court's judgment. *Id.* at ¶ 59. The decision was released on June 9, 2016.

{¶ 6}   On August 12, 2016, Pandolfi filed a motion in the trial court under Civ.R. 60(A), the rule allowing a trial court to correct clerical mistakes in judgments. She requested that the trial court correct the June 12, 2015 judgment entry that formed the basis for her previous appeal, asserting that the judgment contained a "mistaken reference" to the wrong parenting plan (the unmodified original plan filed on January 18, 2013). (Aug. 12, 2016 Def.'s Mot. for Relief Pursuant to Civ.R. 60(A).) Pandolfi requested that the court adopt the September 16, 2014 shared parenting plan instead. Her memorandum in support of the motion omitted any mention of this court's affirmance of the trial court's adoption of the January 28, 2013 original parenting plan. *Id.*

{¶ 7}   Bond opposed the motion. He argued that it would be "inappropriate" to apply Civ.R. 60(A) because "no clerical mistake occurred and the issue at hand was already reviewed and affirmed as correct" by this court. (Aug. 12, 2016 Pl.'s Request for Denial of Def.'s Mot. for Relief Pursuant to Civ.R. 60(A).) Bond also argued that the modified plan that Pandolfi was asking the trial court to adopt actually provided her with "less extended time" than the originally adopted plan, and that Pandolfi had never argued that the trial court had made a clerical error by adopting it during the first appeal. *Id.*

{¶ 8}   On October 24, 2016, the court sustained Pandolfi's motion. In a one-page judgment entry, the trial court stated only that it had "mistakenly referenced 'Plaintiff's Exhibit 9' rather than the Amended Shared Parenting Plan," and adopted the September 16, 2014 plan instead. (Oct. 24, 2016 Jgmt. Entry.)

{¶ 9}   After the trial court sustained her motion and granted the relief she requested, Pandolfi filed a notice of appeal on November 4, 2016. Her sole assignment of error is a verbatim reiteration of the fourth assignment of error from *Bond I*:

> THE TRIAL COURT IMPROPERLY APPROVED AND ADOPTED A PARENTING PLAN THAT PROVIDED APPELLANT WITH LITTLE MEANINGFUL OPPORTUNITY TO RETURN TO HER HOME IN PUERTO RICO AT ANY TIME WITH THE MINOR CHILD.

{¶ 10} In support of her appeal, Pandolfi argues that the trial court abused its discretion by adopting a parenting plan that only provides her with "only an extremely

limited opportunity to travel to Puerto Rico (or elsewhere) during her allotted parenting time." (Appellant's Brief at iv.) She argues that even under the model parenting time schedule in the trial court's local rules, she would have received substantially more uninterrupted parenting time than the ten-day period during winter break allowed by the final plan adopted by the trial court. (Appellant's Brief at 11.) She cites Bond's own testimony, during which he stated that he would have "no problem" with each parent having two weeks of uninterrupted parenting time during the summer. (Appellant's Brief at 12.) Pandolfi describes the trial court's allocation of vacation time as "completely arbitrary" and asks that this court remand this case with instructions to allow "appropriate vacation time" in the parenting plan. (Appellant's Brief at 14.)

{¶ 11} In response, Bond agrees with Pandolfi's characterization of his testimony, and that he has always been in favor of "equal holiday time and summer vacation" for each parent to spend with the child. (Appellee's Brief at 9.) He attributes the abbreviated ten-day period to an "oversight" by the guardian ad litem in her original recommendation. *Id.* However, he questions Pandolfi's motives for appealing a motion she prevailed on in the trial court. (Appellee's Brief at 15.) Bond asserts that the trial court erred when it sustained Pandolfi's Civ.R. 60(A) motion because the substituted parenting plan created a substantive change in the judgment. (Appellee's Brief at 15-16.)

{¶ 12} Pandolfi replies by asserting that Bond cannot challenge the trial court's judgment because he failed to file a notice of cross-appeal, as required by App.R. 4, and has therefore waived any challenge to the judgment. (Reply Brief at 7-8.)

{¶ 13} Appellate courts apply an abuse of discretion standard when reviewing a trial court's decision under Civ.R. 60(A) to correct clerical mistakes in a judgment. *Star Merch., LLC v. Haehn*, 10th Dist. No. 16AP-39, 2016-Ohio-8018, ¶ 11. The same standard applies to appellate review of a trial court's "allocation of parental rights and responsibilities" under R.C. 3109.04. *Lumley v. Lumley*, 10th Dist. No. 09AP-556, 2009-Ohio-6992, ¶ 9.

{¶ 14} We first note that the doctrine of invited error prevents Panfoldi from challenging the trial court's judgment. "Under the doctrine of invited error, an appellant, in either a civil or a criminal case, cannot attack a judgment for errors committed by himself or herself, for errors that the appellant induced the court to commit, or for errors which the appellant is actively responsible." *In re J.B.*, 10th Dist. No. 11AP-63, 2011-Ohio-

3658, ¶ 10. "Under this principle, a party cannot complain of any action taken or ruling made by the court in accordance with that party's own suggestion or request." *Id.* Here, Pandolfi moved the trial court under Civ.R. 60(A) to amend its judgment by adopting a different shared parenting plan. Having prevailed, she now appeals from a judgment entered at her own request. Although her assignment of error highlights the merits by asserting that the trial court erred by adopting a parenting plan with an unduly restrictive vacation schedule, it was her use of the procedural mechanism of Civ.R. 60(A) to obtain a "new" judgment that has allowed her to appeal.

{¶ 15} It must be emphasized that the plan adopted by the trial court when sustaining Pandolfi's motion is considerably less favorable to her goal of having extended vacation time than the one previously adopted and affirmed by this court. In the first plan, each parent was expressly allowed to "arrange an uninterrupted vacation of not more than two (2) weeks with the child" during the summer, as well as being given half of winter break every year and half of spring break in alternating years, whereas in the second plan the maximum uninterrupted vacation duration is ten days during winter break, with no provision for summer vacations or spring break. Pandolfi convinced the trial court to adopt a plan less favorable to her goal of uninterrupted vacation time than the existing one, and, by doing so, provided a basis for this appeal. In short, it is difficult to interpret her post-appeal Civ.R. 60(A) motion and the instant appeal as anything other than an attempt to relitigate the issue of the allocation of vacation time.

{¶ 16} The proper course of action is to seek modification of the plan under R.C. 3109.04. She may argue for a change in circumstances under R.C. 3109.04(E)(1). Or, Pandolfi could negotiate with Bond and seek a joint modification of the plan under subsection R.C. 3109.04(E)(2)(a), which states that "[b]oth parents under a shared parenting decree jointly may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree." Such a stipulated modification "may be made at any time." *Id.* What Pandolfi may not do is avoid the statutory process with a procedural sleight of hand under Civ.R. 60(A) that returns her previous arguments (many of which are expressed verbatim from the briefing in *Bond I*) to this court in the guise of a new judgment.

{¶ 17} Furthermore, we reject Pandolfi's argument that Bond's failure to file a notice of cross-appeal precludes his attack on the trial court's Civ.R. 60(A) ruling. This

argument is not well-taken, particularly in light of her invitation to the trial court to commit an error that allowed this appeal. As appellee, Bond is free to counter Pandolfi's argument with " 'an attack upon the reasoning of the lower court or an insistence upon a matter overlooked or ignored by it' " without filing a notice of cross-appeal. *Kaplysh v. Takieddine*, 35 Ohio St.3d 170, 175 (1988), quoting *United States v. American Ry. Express Co.*, 265 U.S. 425, 435 (1924).

{¶ 18} We also note that an appellate court is authorized under App.R. 12 to decide any assignment of error not raised by the parties where the error is evident from the record. *Hungler v. Cincinnati*, 25 Ohio St.3d 338, 341 (1986) ("an appellate court may pass on errors not assigned by the parties"). In order to "recognize error not assigned by the parties, there must be sufficient basis *in the record* before it upon which the court can *decide* that error." (Emphasis sic.) *Id.* at 342. *See also State v. Peagler*, 76 Ohio St.3d 496, 499 (1996) (stating that App.R. 12 "allows a court of appeals discretion in deciding to address an issue not briefed or raised below, the court of appeals must base any factual conclusions reached upon evidence that exists in the record"). As mentioned, Bond opposed the trial court's ruling and contends that the substitution of one parenting plan for another under Civ.R.60 (A) is a substantive change beyond what the rule allows. For the following reasons, we conclude that Bond's argument has merit, and the error he highlights is obvious from the record.

{¶ 19} Civ.R. 60(A) states that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." The rule " 'permits a trial court, in its discretion, to correct clerical mistakes that are apparent on the record, but does not authorize a trial court to make substantive changes in judgments.' " *Brewer v. Brewer*, 10th Dist. No. 09AP-146, 2010-Ohio-1319, ¶ 13, quoting *Atwater v. Delaine*, 155 Ohio App.3d 93, 2003-Ohio-5501 (8th Dist.). " 'The term "clerical mistake" refers to a mistake or omission, mechanical in nature and apparent on the record that does not involve a legal decision or judgment.' " *Id.* We have explained the difference between clerical and substantive mistakes as follows:

> "[T]he basic distinction between clerical mistakes that can be
> corrected under Civ.R. 60(A) and substantive mistakes that
> cannot be corrected is that the former consists of "blunders in

> execution" whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner."

*Brewer* at ¶ 13, quoting *Wardeh v. Altabchi*, 158 Ohio App.3d 325, 331, 2004-Ohio-4423, ¶ 10 (10th Dist.).

{¶ 20} In *Wardeh*, we held that a trial court's ruling under Civ.R. 60(A) that deleted a paragraph from a civil protection order allowing a father only supervised visitation with his child was a substantive change not permitted by the rule. *Wardeh* at ¶ 12. Here, similarly, the trial court's substitution of one parenting plan for another that altered the number of uninterrupted vacation days available to each parent effected a substantive change to the original judgment. The differences between the two plans were litigated before the magistrate. The trial court's first judgment adopted the plan that it found to be equitable and in the best interests of the child, and this court affirmed that decision by considering and evaluating the substance of the vacation schedule at issue. As in *Wardeh*, the change created by the trial court's action "exceeded the scope" of its authority under Civ.R. 60(A).

{¶ 21} In conclusion, we overrule Pandolfi's assignment of error because the doctrine of invited error prevents her from challenging a judgment that she induced the trial court to adopt. Her remedy for modifying the parenting plan exists under R.C. 3109.04. We recognize the error raised by Bond concerning the trial court's Civ.R. 60(A) ruling, which effected a substantive change to the judgment not authorized by the rule. The judgment of the trial court is reversed, and this case is remanded to the trial court with instructions to vacate the judgment entry that forms the basis of this appeal and reinstate the parenting plan affirmed in *Bond I*.

*Judgment reversed; case remanded.*

BROWN, P.J. and KLATT, J., concur.

———————————