[Cite as *Harrison v. Horizon Women's Healthcare, L.L.C.*, 2019-Ohio-3528.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| MATTHEW HARRISON, et al. | : | |
| | : | |
| Plaintiffs-Appellees | : | Appellate Case No. 28154 |
| | : | |
| v. | : | Trial Court Case No. 2016-CV-6114 |
| | : | |
| HORIZON WOMEN'S HEALTHCARE, LLC, et al. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Defendants-Appellants | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of August, 2019.

. . . . . . . . . . .

KATHLEEN J. ST. JOHN, Atty. Reg. No. 0031238, PAMELA PANTAGES, Atty. Reg. No. 0046840, and JEFFREY M. HELLER, Atty. Reg. No. 0087795, 600 Superior Avenue East, Suite 1200, Cleveland, Ohio 44114
    Attorneys for Plaintiffs-Appellees

DOUGLAS G. LEAK, Atty. Reg. No. 0045554, 3737 Embassy Parkway, Suite 100, Akron, Ohio 44333
and
PATRICK K. ATKINSON, Atty. Reg. No. 0016980, 4407 Walnut Street, Suite 210, Dayton, Ohio 45440
    Attorneys for Defendants-Appellants

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendants-appellants, Andre Harris, M.D. and Horizon Women's Healthcare, LLC, appeal from final orders entered by the trial court on September 4, 2018, and December 27, 2018. In its order of September 4, 2018, the court sustained the motion of Plaintiffs-appellees, Matthew Harrison and Maurita Henry, to strike Appellants' motions for a new trial and for judgment notwithstanding the verdict; the court sustained the motion to strike because it found that Appellants' motions had not been timely filed. In its order of December 27, 2018, the court overruled Appellants' motion for relief from judgment.

{¶ 2} Appellants raise two assignments of error, directing the first to the order of September 4, 2018, and the second to the order of December 27, 2018, but the fundamental question presented by this appeal is whether the trial court's earlier entry of June 15, 2018, was a final judgment pursuant to R.C. 2505.02. We find that the entry was a final judgment, and consequently, we affirm the orders of September 4, 2018, and December 27, 2018.

## I. Facts and Procedural History

{¶ 3} Appellees filed a complaint against Appellants and Miami Valley Hospital on August 26, 2013, presenting a single cause of action for medical malpractice. Complaint, Montgomery C.P. No. 2013 CV 05111 (Aug. 26, 2013). The trial court later found that Appellees had not joined all necessary parties to the case, so Appellees filed an amended complaint on August 7, 2014, joining the Department of Job and Family Services as a defendant, though they did not revise their single claim for relief or assert any additional claims. Amended Complaint, Montgomery C.P. No. 2013 CV 05111 (Aug. 7, 2014).

Appellees voluntarily dismissed their claim against Miami Valley Hospital without prejudice on January 5, 2015, and on March 2, 2015, the case came to a close when Appellees voluntarily dismissed their remaining claims against Appellants and the Department of Job and Family Services, likewise without prejudice.

{¶ 4} In the instant case, Appellees "re-filed [their] [c]omplaint" on December 2, 2016. Complaint ¶ 1. This new complaint comprised four claims for relief, rather than one, and neither the Department of Job and Family Services nor Miami Valley Hospital was named as a defendant. *See id.* at 1-14. At the conclusion of a trial by jury on January 31, 2018, the jury returned a verdict in Appellees' favor.

{¶ 5} Thereafter, the parties litigated several post-trial issues, of which the most significant was Appellees' demand for prejudgment interest, and the trial court deferred its entry of final judgment until these issues were resolved. The parties eventually reached an agreement regarding the payment of prejudgment interest, which prompted the court to file a document captioned "Proposed Judgment Entry" on June 15, 2018. In the entry, the court noted that the matter of prejudgment interest had been resolved and then "proceed[ed] to enter judgment on the jury's verdict [of] January 31, 2018[,] in favor of [Appellees]." Proposed Judgment Entry 1, June 15, 2018. The clerk served the parties with notice of the filing of the entry, pursuant to Civ.R. 58(B).

{¶ 6} On June 26, 2018, the trial court filed a related document captioned "Nunc Pro Tunc Amended Judgment Entry," which was also accompanied by a notice of filing from the clerk. The court indicated that "[t]his [second judgment entry was filed] nunc pro tunc retroactive to June 15, 2018[,] * * * to clarify the finality of the judgment entry filed on that date." Amended Judgment Entry 2, June 26, 2018.

**{¶ 7}** Appellants subsequently filed three motions on July 16, 2018: a motion under Civ.R. 62(B) to stay the execution of the judgment; a motion under Civ.R. 59(A) for a new trial; and a motion under Civ.R. 50(B) for judgment notwithstanding the verdict. Appellees responded on July 23, 2018, with a motion to strike Appellants' motions under Civ.R. 50 and 59, as well as a memorandum in opposition to Appellants' motion for a stay. The trial court sustained Appellees' motion to strike in its order of September 4, 2018.[1]

**{¶ 8}** On October 3, 2018, Appellants filed a motion for relief from judgment under Civ.R. 60(B), and on the same date, they filed a timely notice of appeal to this court from the trial court's order of September 4, 2018. At Appellants' request, we stayed the appeal effective November 2, 2018, and remanded the case to the trial court for the limited purpose of ruling on the motion for relief from judgment. The trial court overruled the motion in its order of December 27, 2018, after which Appellants filed an amended notice of appeal on January 18, 2019.

## II. Analysis

**{¶ 9}** For their first assignment of error, Appellants contend that:

THE TRIAL COURT ERRED IN STRIKING DEFENDANTS' POST-TRIAL MOTIONS[.]

**{¶ 10}** Appellants argue that the trial court erred by striking their motions under Civ.R. 50(B) and 59(A) on the basis of untimeliness. *See* Appellants' Brief 3-22. By Appellants' reasoning, their time to submit such motions did not begin to run upon the

---

[1] On September 26, 2018, the trial court ordered a stay of execution, as requested by Appellants, but the order was conditioned on Appellants' posting of a supersedeas bond. Appellants posted the bond on December 21, 2018.

filing of the court's entry of June 15, 2018, because that entry "was merely a suggestion" and "did not constitute a judgment in accordance with the Local Rules [of Practice and Procedure for the General Division of the Montgomery County Common Pleas Court]" or the Ohio Rules of Civil Procedure. *Id.* at 17; *see also* Mont. Co. C.P.R. 1.01(B).

{¶ 11} A trial court's "ruling on a motion for [judgment notwithstanding the verdict under Civ.R. 50(B) presents] a question of law" that is "reviewed de novo on appeal." (Citations omitted.) *Grieser v. Janis*, 2017-Ohio-8896, 100 N.E.3d 1176, ¶ 15 (10th Dist.). The "standard of review" for a trial court's ruling on "a motion for a new trial under Civ.R. 59(A)," on the other hand, "depends on the ground[s] for [the] motion." (Citations omitted.) *Moore v. Moore*, 6th Dist. Erie No. E-17-011, 2018-Ohio-1545, ¶ 14. For motions brought under Civ.R. 59(A)(1)-(6) and (8), a trial court's ruling "is reviewed for * * * abuse of discretion," whereas for motions brought under Civ.R. 59(A)(7) and (9), a trial court's ruling "is reviewed de novo." *Id.*

{¶ 12} Motions under Civ.R. 50(B) must be served—as opposed to filed—"not later than twenty-eight days after entry of judgment," and the same is true of motions under Civ.R. 59(A), which must also be served "not later than twenty-eight days after the entry of the judgment." *See* Civ.R. 50(B) and 59(B). These deadlines are jurisdictional. *See, e.g.*, Civ.R. 6(B); *Good Knight Properties, L.L.C. v. Adam*, 6th Dist. Lucas Nos. L-14-1250 & L-15-1028, 2016-Ohio-33, ¶ 9-14; *Gary Moderalli Excavating, Inc. v. Trimat Constr., Inc.*, 5th Dist. Tuscarawas Nos. 2012 AP 03 0022 & 2012 AP 03 0023, 2013-Ohio-1701, ¶ 63-74.

{¶ 13} The trial court overruled Appellants' motions under Civ.R. 50(B) and 59(A) because Appellants did not serve the motions on Appellees within 28 days of the filing of

its entry of June 15, 2018. *See* Decision, Order & Entry Sustaining Plaintiffs' Motion to Strike 6, Sept. 4, 2018. Appellants argue that the court thereby erred because its entry was not a valid judgment, inasmuch as the court did not comply with the requirements of Mont. Co. C.P.R. 1.15(F)(2)(b) and 2.17(C). Appellants' Brief 14-17. As Appellants construe the rules, "[Mont. Co. C.P.R.] 1.15(F)(2)(b) requires that parties file * * * 'proposed' order[s] or entr[ies]," but any such proposed order or entry "becomes effective pursuant to [Mont. Co. C.P.R.] 2.17[(C)] only after the [t]rial [c]ourt either approves or disapproves [it] and * * * files and journalizes a separate * * * entry." (Emphasis omitted.) *Id.* at 14.

{¶ 14} Hence, Appellants posit that the inclusion of the word "proposed" in the caption of the trial court's entry implicated Mont. Co. C.P.R. 1.15(F)(2)(b), meaning that the entry was only a draft setting forth the proposed terms of a judgment that had yet to be filed. *See id.* To enter a legally operative judgment on those terms—by Appellants' reading of the rules—the court, first, had to note its approval or disapproval of the draft for the record, and second, the court had to prepare and file "a separate judgment entry" with the clerk. *See id.* We find that this is not a reasonable construction of the rules.

{¶ 15} Mont. Co. C.P.R. 1.15 applies to the "Filing of Court Documents and [the] Removal of Papers from [the] Custody of the Clerk," and Part F concerns the "Form of Documents." Under Mont. Co. C.P.R. 1.15(F)(2)(b), "[a] proposed order or entry shall be submitted in [Microsoft] Word * * * or [Corel] WordPerfect * * * format and reference the specific motion to which it applies." Particularly in light of its context, the rule cannot reasonably be construed as Appellants propose, that is, as a universal requirement that

every document filed by every litigant be accompanied by a proposed order or entry.[2] The rule, instead, concerns only the format of any proposed orders or entries that might be submitted. *Compare with* Mont. Co. C.P.R. 1.15(F)(2)(a) (requiring that "all eFiled documents, pleadings, and papers * * * be filed with the [c]lerk in .pdf [sic]"); *see also, e.g.*, Mont. Co. C.P.R. 2.17(A)(2)(a) (stating that "[i]f a proposed default judgment entry is submitted" to the court along with a motion for default judgment, then the moving party "shall be responsible for serving" copies of the proposed entry on those parties who "are not registered users of the eFiling system" (emphasis added)).

**{¶ 16}** Mont. Co. C.P.R. 2.17(C) indicates that a judge "may approve or disapprove any proposed judgment entry," and adds that a judgment "shall be effective [only] upon the filing and journalization of a judgment entry with the [c]lerk." (Emphasis added.) Thus, contrary to Appellants' position, a judge is not obligated to take any action in response to the submission of a proposed order or entry, nor does the submission of a proposed order or entry obligate a judge to file "a separate judgment entry" with the clerk. Appellants' Brief 14. Rather, the rule requires only that "a" judgment entry be filed, making no distinction between an entry prepared by a judge, and a proposed entry submitted by a party and ratified by a judge as the judgment of the court. The clause indicating that a judgment "shall be effective [only] upon the filing and journalization of a judgment entry with the [c]lerk" is, furthermore, merely a recapitulation of Civ.R. 58(A), which states in relevant part that "[a] judgment is effective only when entered by the clerk

---

[2] Appellants offer no insight into the circumstances in which, consistent with their proposed construction of the rule, a litigant would be required to file a proposed order or entry. They argue simply that the rule "requires that parties file a 'proposed' order or entry." Appellants' Brief 14.

upon the journal."

{¶ 17} Regardless, the finality of the trial court's entry of June 15, 2018, is not dependent upon the Local Rules of Practice and Procedure for the General Division of the Montgomery County Common Pleas Court. *See, e.g.*, Civ.R. 83(A). To establish whether " 'a judgment or order is final and appealable, an appellate court [must] engage in a two-step analysis.' " *See La Musga v. Summit Square Rehab, L.L.C.*, 2015-Ohio-5305, 43 N.E.3d 504, ¶ 18 (2d Dist.), quoting *Hope Academy Broadway Campus v. White Hat Mgt., L.L.C.*, 2013-Ohio-5036, 4 N.E.3d 1087, ¶ 7 (10th Dist.). The first step, ordinarily, is a determination of whether " 'the order is final within the requirements of R.C. 2505.02' "; if the order meets the statutory criteria for finality, then the second step is a determination of " 'whether Civ.R. 54(B) applies and, if [it does], whether the order contains a certification that there [was] no just reason for delay.' " *Id.*, quoting *Hope Academy* at ¶ 7. Civ.R. 54(B) applies to those cases in which a court announces a final adjudication "of some but not all of the claims" before it, and to those cases in which a court's adjudication of the claims is final with respect to some but not all of the parties. *See Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 22, 540 N.E.2d 266 (1989).

{¶ 18} Under R.C. 2505.02(B)(1), a judgment entry "is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial," if it "affects a substantial right in an action [and,] in effect[,] determines the action and prevents a [contradictory] judgment." An order or judgment "determine[s] [an] action and prevent[s] a [contradictory] judgment [if] it * * * dispose[s] of the whole merits of the [case] or some separate and distinct branch thereof * * *." (Citation omitted.) *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147,

153, 545 N.E.2d 1260 (1989). The trial court's entry of June 15, 2018, indicates that "the parties have resolved all claims and issues" in this case and reflects that a jury "rendered [a verdict] on January 31, 2018[,] in favor of [Appellees], and against [Appellants]." Accordingly, the entry is a "final order" within the requirements of R.C. 2505.02.

{¶ 19} At the time the trial court filed the entry, all of the parties' claims had been adjudicated, as the entry itself indicates, and the adjudication of the claims was final with respect to all of the parties. Civ.R. 54(B), therefore, was inapplicable, and we conclude that the entry was a legally operative final judgment. Even if the rule were applicable here, "the absence of Civ.R. 54(B) language will not render an otherwise final order not final." (Citation omitted.) *See Gen. Acc. Ins. Co.* at 21.

{¶ 20} In its order of September 4, 2018, moreover, the trial court explained that "the proposed judgment entry was submitted [for the court's approval] by [Appellants themselves] on June 14, 2018," and that once the entry appeared on the docket, "[c]ounsel [for the parties] appropriately [inquired] as to the finality of the * * * entry[,] [because] the word 'proposed' [had not been deleted from] the caption." (Emphasis added.) Decision, Order & Entry Sustaining Plaintiffs' Motion to Strike 2-3. Following "an email exchange" among the court and the parties, "the court agreed to clarify the * * * entry via a nunc pro tunc entry" relating "back to June 15, 2018." *See id.* Counsel "for both sides affirmed [thereafter] in email [messages] to the court that the [entry of] June 15th * * * would serve as the trigger for post-judgment filings," or in other words, that the entry was a legally operative final judgment. (Emphasis added.) *Id.*

{¶ 21} Appellants' counsel conceded the accuracy of this narrative during oral arguments. Given that Appellants themselves acknowledged that the entry of June 15,

2018, was effective as a final judgment, their challenge to the finality of the entry runs afoul of the doctrine of invited error, pursuant to which the appellants, " 'in either a civil or a criminal case, cannot attack a judgment for errors [they themselves] committed * * *, for errors that [they] induced the court to commit, or for errors [for] which [they were] actively responsible.' " *Bond v. Pandolfi de Rinaldis*, 2018-Ohio-930, 108 N.E.3d 657, ¶ 14 (10th Dist.), quoting *In re J.B.*, 10th Dist. Franklin No. 11AP-63, 2011-Ohio-3658, ¶ 10.

{¶ 22} We find, then, that the trial court's judgment entry of June 15, 2018, was a legally operative final judgment from the moment that the clerk entered it into the record and served the parties with notice of its filing. *See* Civ.R. 58. Our finding that the entry was a valid judgment obviates the need to consider the parties' arguments regarding the trial court's nunc pro tunc entry of June 26, 2018.

{¶ 23} Having found that the judgment entry of June 15, 2018, was a valid, final judgment, we affirm the trial court's order of September 4, 2018. As the court observed, it lacked jurisdiction to consider Appellants' motions under Civ.R. 50(B) and 59(A) because Appellants did not serve the motions on Appellees within 28 days of the filing of the judgment entry.[3] Decision, Order & Entry Sustaining Plaintiffs' Motion to Strike 5-6. Appellants' first assignment of error is overruled.

{¶ 24} For their second assignment of error, Appellants contend that:

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT[.]

{¶ 25} Appellants argue that the trial court abused its discretion by overruling their

---

[3] Even otherwise, the trial court arguably would have erred by considering Appellants' motion under Civ.R. 59(A) because the certificate of service attached to the motion did not indicate the date on which the motion was served. *See* Civ.R. 5(B)(4).

motion for relief from judgment because they "satisfied all of the [applicable] requirements" set forth in Civ.R. 60(B). Appellants' Brief 23. As such, say Appellants, "the [t]rial [c]ourt should have vacated its [final order of] September 4, 2018." *Id.*

{¶ 26} Civ.R. 60(B) states:

On motion and upon such terms as are just, [a] court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence [that] by due diligence could not have been discovered in time to move for a new trial under [Civ.R.] 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the [reversal, satisfaction or discharge of the] judgment * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion [for relief from judgment] does not affect the finality of a judgment or suspend its operation.

To prevail on a motion under the rule, the moving party

must demonstrate that: (1) [it would have] a meritorious defense or claim to present [were relief granted]; (2) [it] is entitled to relief under * * * Civ.R. 60(B)(1)[-](5); and (3) the motion [was] made within a reasonable time, and, where the [party relies on] Civ.R. 60(B)(1), (2) or (3) [as grounds for relief], [the motion was filed] not more than one year after the judgment, order or proceeding [at issue].

(Citations omitted.)  *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976); *Fifth Third Bank v. Dayton Lodge Ltd. Liab. Co.*, 2d Dist. Montgomery No. 24843, 2012-Ohio-3387, ¶ 20.  The moving party cannot prevail if it fails to satisfy any of these requirements.  *Dayton Lodge* at ¶ 20.  On appeal, a trial court's ruling on a motion for relief from judgment is reviewed for abuse of discretion.  *Staub v. Miller*, 2d Dist. Greene No. 2018-CA-2, 2018-Ohio-3603, ¶ 18.

{¶ 27} Appellants argue that the trial court should have "proceed[ed] to address the merits of [their] [m]otions" under Civ.R. 50(B) and 59(A) after "vacat[ing] its [final order of] September 4, 2018," in response to their motion for relief from judgment.  Appellants' Brief 23.  In effect, Appellants seek to be relieved from the application of the civil rules, rather than from the order entered by the trial court on September 4, 2018.

{¶ 28} As the trial court noted, a party's "[f]ailure to [meet] jurisdictional deadlines cannot be waived or excused."  (Citation omitted.)  Decision, Order & Entry Overruling Defendants' Motion for Relief from Judgment 4-5.  Even assuming that the trial court had vacated its order of September 4, 2018, as Appellants requested in their motion for relief from judgment, the final judgment entered by the court on June 15, 2018, would have remained undisturbed.  Defendants' Motion for Relief from Judgment 1 and 10, Oct. 3, 2018.  The court consequently would still have lacked jurisdiction to consider Appellants' motions under Civ.R. 50(B) and 59(A), because Appellants had not served the motions within 28 days of the entry of final judgment on June 15, 2018.  Appellants' second assignment of error is overruled.

### III. Conclusion

{¶ 29} We find that the trial court's entry of June 15, 2018, was a valid, final

judgment, and as a result, we affirm the trial court's order of September 4, 2018. Additionally, we find that the court was divested of jurisdiction to consider Appellants' motions under Civ.R. 50(B) and 59(A) because Appellants failed to serve the motions on Appellees within 28 days of the entry of final judgment; therefore, we affirm the trial court's order of December 27, 2018.

. . . . . . . . . . . .

FROELICH, J. concurs.

HALL, J., concurs:

{¶ 30} In my opinion the "Proposed Judgment Entry" filed June 15, 2018, standing alone, would have been ambiguous as to whether it were a final appealable order. The title "Proposed Judgment Entry" is more than, or different than, an unmodified "Judgment Entry," leaving a reasonable party to wonder what it means. Additionally, the entry was incomplete because Civ. R. 58(B) requires that "the court shall endorse thereon a direction to the clerk to serve upon all parties not in default * * *." That endorsement was missing from the entry even though, behind the scenes, the trial court, through the Montgomery County e-filing system, electronically directed the clerk to issue a Civ. R. 58(B) notice because the clerk did issue and docket such a notice.

{¶ 31} But I agree with my colleagues that the "Nunc Pro Tunc Amended Judgment Entry" filed June 26, 2018, coupled with the intervening communications between the court and counsel that are detailed in the lead opinion, clarified any ambiguity as to whether the June 15 entry was, and at that time was intended to be, a final appealable

order, despite the fact that the clarification also did not contain the Civ. R. 58(B) endorsement.

**{¶ 32}** The design and rules for the Montgomery County e-filing system are that when a party "files" a pleading that item is directly filed and docketed in the clerk's office.[4] Filed pleadings are required to be in a PDF format: "[A]ll eFiled documents, pleadings, and papers shall be filed with the Clerk in .pdf." Mont. Co. C.P.R. 1.15(F)(2)(a). This is because, when the system was designed, .pdf formatted documents were much less vulnerable to modification, revision, or tampering. Conversely, party-submitted "proposed" orders or entries, are "submitted" for access by the court through the system, but they are electronically stored for the court to access and use. They are not "filed" and not docketed in the official journal unless and until they are electronically signed by the court. Also, importantly, "[a] proposed order or proposed entry shall be submitted in Word [.doc] or WordPerfect [.wpd] format and reference the specific motion to which it applies." Mont. Co. C.P.R. 1.15(F)(2)(b). The reasoning for this format distinction is that the court can review a proposed entry, modify it in the court's own word processing to accurately reflect the court's ruling, delete such words as "proposed" (if such nonessential wording had been included), compose any additional language (such as a Civ. R. 58(B) order to the clerk, or the date and time for a continuance, or notice to additional parties), and then the court can electronically "sign" the order or entry, which uploads it and "files" it with the clerk and automatically enters it on the docket. In this case, the submitted "proposed" judgment entry was signed, filed, and docketed by the court without

---

[4] There is a screening review by the clerk to insure extraneous or improper documents are not docketed, but effectively the registered electronic filers "file" the documents themselves and they are automatically docketed.

adaptation.

{¶ 33} In any event, the June 26, 2018 Nunc Pro Tunc Amended Judgment Entry clarified that the June 15, 2018 entry was, and was intended to be, a final appealable judgment entry. I agree it was and is.

Copies sent to:

Kathleen J. St. John
Pamela Pantages
Jeffrey M. Heller
Douglas G. Leak
Patrick K. Atkinson
Hon. Mary Lynn Wiseman